## Larkins, Appellant, *v.* Lindsay.

*Equity—Res adjudicata—Remedy at law.*

A decree in equity is not like a judgment at law necessarily conclusive as to every matter which either was or might have been involved in the decision. Regard must be had to the reasons of the chancellor as well as to his decree, for the case may have been disposed of on grounds of adequate remedy at law, or other reasons not involving the merits. But where the merits, or any facts material to the final determination of the controversy, have been considered and passed on, the matter is as much res adjudicata as it would be by a judgment at law.

In an action at law for breach of covenant to exchange lands, it appeared that the covenant provided that " the titles in both cases are to be clear of all liens, marketable and insurable." Prior to the institution of the action a bill had been filed by the plaintiff for specific performance of the same covenant, and after hearing on the merits was dismissed on the ground that the plaintiff's title was not marketable. *Held,* that the decree in equity was a final adjudication of the question of marketable title.

Argued Jan. 23, 1903. Appeal, No. 310, Jan. T., 1902, by plaintiff, from judgment of C. P. No. 3, Phila. Co., June T., 1899, No. 306, on verdict for defendant in case of John Larkins v. Daniel S. Lindsay. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit for breach of covenant.
The opinion of the Supreme Court states the case.
The court gave binding instructions for defendant.
Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*David Lavis*, for appellant.

*Alex. Simpson, Jr.*, for appellee.

PER CURIAM, May 4, 1903:

A decree in equity is not like a judgment at law necessarily conclusive as to every matter which either was or might have been involved in the decision. Regard must be had to the reasons of the chancellor as well as to his decree, for, to take the most obvious illustration, the case may have been disposed of on grounds of adequate remedy at law, or other reasons not involving the merits. But where the merits, or any facts material to the final determination of the controversy, have been considered and passed on, the matter is as much res adjudicata as it would be by a judgment at law.

This action is for breach of covenant to exchange lands. The covenant sued on provided that " the titles in both cases (are) to be clear of all liens, marketable and insurable," etc. In 1895 a bill was filed by the present plaintiff for specific performance of the same covenant, and after hearing on the merits, was dismissed on the ground that plaintiff's title was not marketable. This was a final adjudication of that question between these parties. The court was therefore right in directing a verdict for the defendant.

Judgment affirmed.