First Baptist Church, Appellant, *v.* Myers.

Argued November 15, 1950. Before DREW, C. J., STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Romain C. Hassrick* and *Samuel H. Stewart,* for appellants.

*Richard W. Linton,* for appellees.

OPINION BY MR. JUSTICE JONES, January 2, 1951:

The appellants ask us to hold that the court below erred in dismissing their bill in equity. How, in the circumstances, we could possibly do so, they fail to enlighten us. The defendants filed preliminary objections, under Equity Rule 48, to the plaintiffs' bill of complaint. After argument thereon, the learned court below sustained the objections and granted the plaintiffs twenty days within which to file an amended bill. After a further time indulgence of the plaintiffs, an amended bill was filed to which the defendants again interposed preliminary objections which the chancellor sustained, again giving the plaintiffs twenty days within which to file a further amended bill. Upon the plaintiffs' failure so to do, the court entered the decree of dismissal (see Equity Rule 49) from which the plaintiffs have appealed.

The amended bill of complaint is by no means so manifestly sufficient as to justify our overruling the conclusion of the chancellor in such regard. Broadly speaking, the matter apparently intended to be litigated is the right to ownership and control of a church and parsonage among several groups, the plaintiffs ostensibly claiming to be the true followers of the faith to the furtherance whereof the church property is dedicated. The suit was instituted with the filing of the bill of complaint more than two years ago and, down to the entry of the decree of dismissal, now here on appeal, the pleadings were not yet in shape for a trial of the possible issues. It is in such wise that the plaintiffs were in default for which the learned court below entered the decree dismissing the bill.

It is evident that the appellants' real present concern is whether the dismissal of the bill concluded their rights in the premises. In their History of the Case they

say that "it was not clear from the decree of the lower court whether the matter was finally determined by the said decree, and inasmuch as valuable property and property rights are affected, counsel brings this Appeal to this Court in order that the situation may be entirely clarified." It is clear, however, that the merits of the matter have never been judicially passed upon. The dismissal of the amended bill was, therefore, without prejudice. As said by this court in *Larkins v. Lindsay*, 205 Pa. 534, 535, 55 A. 184,—"A decree in equity is not like a judgment at law necessarily conclusive as to every matter which either was or might have been involved in the decision. Regard must be had to the reasons of the chancellor as well as to his decree, for, to take the most obvious illustration, the case may have been disposed of on grounds of adequate remedy at law, or other reasons not involving the merits." Such is the situation here.

Decree affirmed at the appellants' costs.