**Amada RAMIREZ–PABON, Plaintiff, Appellant,**

v.

**BOARD OF PERSONNEL OF PUERTO RICO, etc., Defendant, Appellee.**

No. 5295.

United States Court of Appeals
First Circuit.

April 14, 1958.

Rehearing Denied May 16, 1958.

**2**

Santos P. Amadeo, San Juan, P. R., Rafael Arjona Siaca, Rio Piedras, P. R., on the brief, for appellant.

Edgar S. Belaval, Asst. Atty. Gen., J. B. Fernandez Badillo, Atty. Gen., and Arturo Estrella, Asst. Atty. Gen., on the brief, for appellee.

Before MAGRUDER, Chief Judge, and MARIS and WOODBURY, Circuit Judges.

MARIS, Circuit Judge.

The plaintiff, Miss Amada Ramirez-Pabon, a chief personnel clerk in the office of the Auditor of Puerto Rico, was discharged by the Auditor on May 28, 1947 following an adverse report by a hearing officer appointed by him. Being an employee in the classified civil service she appealed to the Civil Service Commission of Puerto Rico from her discharge. While her appeal was pending the Civil Service Act of May 11, 1931, No. 88, was repealed and superseded by the Personnel Act of May 12, 1947, No. 345, 3 L.P.R.A. Chapter 29. On June 30, 1947, the day before the new act went into effect the Civil Service Commission transferred the plaintiff's appeal to its successor under the new act, the Office of Personnel, and the Director of that office on September 8, 1947 transferred the case to the Personnel Board set up under the new act.

Under section 28 of the Civil Service Act of 1931 the Civil Service Commission upon an appeal by a dismissed employee was empowered to consider only whether the removal was for political or religious reasons. On the other hand under section 31 of the Personnel Act of 1947, 3 L.P.R.A. § 671, the Personnel Board on an appeal by a dismissed employee may order his reinstatement if it finds that his removal was for any reason which was not a just cause within the the meaning of the law. Before the Personnel Board the plaintiff asserted that the Board should consider her case under the broader powers given it by the Personnel Act of 1947. The Auditor urged, on the contrary, that since her removal had been effected and her appeal filed while the repealed Civil Service Act of 1931 was still in force, the Personnel Board, if it had any jurisdiction of her appeal at all, was limited to determining whether her removal had been for political or religious reasons, the sole basis for securing an order of reinstatement from the Civil Service Commission under the old act. The Personnel Board ultimately decided that its consideration of the plaintiff's appeal should be confined solely to the question whether her removal was due to political or religious reasons.

The plaintiff thereafter sought a writ of mandamus in the former District Court of Puerto Rico, San Juan Section, to compel the Board to consider her appeal under the broader authority conferred by the Personnel Act of 1947. Civil Case No. 49–2790. The Board appeared in the District Court and moved to dismiss the action, which motion the District Court, acting through one of its judges, denied on June 9, 1950, holding

that the Board was empowered to consider the plaintiff's appeal and that it should be dealt with under the broad authority given the Board by the Personnel Act of 1947 rather than under the limited authority given the Civil Service Commission by the repealed Civil Service Act of 1931. Subsequently on October 23, 1951 the District Court, acting through another judge of the court, entered a judgment dismissing the action for the writ of mandamus on the ground that, assuming that the Board could have taken jurisdiction of appeals pending before the former Civil Service Commission, those appeals would have to be confined to removals for political or religious reasons under section 28 of the Civil Service Act of 1931. Thus it will be observed that the final judgment in the action was directly contrary to the order entered 16 months previously in the same action by a different judge denying the respondent's motion to dismiss. From the judgment of dismissal thus entered the plaintiff appealed to the Supreme Court of Puerto Rico but her appeal was later voluntarily dismissed and the judgment of dismissal thus became final and unappealable.

Thereafter on December 23, 1955 the plaintiff filed a second action against the Personnel Board, this time in the Superior Court, San Juan Part, which had in the interim superseded the former District Court. Civil Case No. 55–6016. In this action the plaintiff sought a declaratory judgment that the refusal of the Board to consider her appeal under the broad power granted by the Personnel Act of 1947 was void and the final judgment of the former District Court in her first case was also void as being contrary to law. Both parties filed motions for summary judgment and on June 20, 1956 the Superior Court entered a summary judgment in favor of the plaintiff directing the issuance of a writ of mandamus to the Board requiring it to pass upon the plaintiff's appeal in the manner provided by the Personnel Act of 1947 and with no other restrictions than those appearing in that act. The judgment

was based upon the court's conclusion that the final judgment in the first case was void because it was entered in violation of section 31 of the Code of Civil Procedure, 1933, 32 L.P.R.A. § 191, and that the prior order in the first case denying the defendant's motion to dismiss accordingly had the character of a judgment and should be followed and applied in the second case. On appeal to the Supreme Court of Puerto Rico by the defendant Board the judgment thus entered by the Superior Court was reversed and the complaint was dismissed. The plaintiff thereupon took the present appeal to this court.

Sections 31 and 32 of the Code of Civil Procedure of Puerto Rico, 1933, are as follows:

"Section 31. If an application for an order, made to a judge of a court in which the action or proceeding is pending, is refused in whole or in part, or is granted conditionally, no subsequent application for the same order can be made to any other judge, except of a higher court; but nothing in this section applies to motions refused for any informality in the papers or proceedings necessary to obtain the order or motion refused, with liberty to renew the same." 32 L.P.R.A. § 191.

"Section 32. A violation of the last section may be punished as a contempt; and an order made contrary thereto may be revoked by the judge who made it, or vacated by a judge of the court in which the action or proceeding is pending." 32 L.P.R.A. § 192.

■ It was the view of the Superior Court and is urged by the plaintiff here that section 31 prohibited the second judge in the first suit from entering the final judgment of dismissal contrary to the prior order of his colleague denying the original motion to dismiss and that under sections 31 and 32 he was without jurisdiction to make and enter such final judgment and it was accordingly void and, therefore, did not raise an estoppel against the plaintiff. The Supreme

Court did not agree with this view of the effect of sections 31 and 32. It held that section 31 "does not limit or affect in any manner whatever the *jurisdiction* and, hence, the said judgment of October 23, 1951, in civil case No. 49–2790, is neither void nor nonexistent, even assuming (without deciding) that it was erroneous or that it was rendered in violation of section 31, supra." We could not possibly say that the construction thus placed upon section 31 of the Code of Civil Procedure by the court with primary authority to construe it is inescapably wrong. On the contrary it is quite reasonable and appears to be in accord with prior decisions of the court. See Pena v. District Court, 1929, 39 P.R.R. 806, 807.

█ Having held that the second judge of the District Court did have jurisdiction to enter the judgment of October 23, 1951 the Supreme Court concluded that since that judgment had become final and unappealable it could not now be revoked or set aside under section 32 of the Code of Civil Procedure as the Superior Court in the judgment appealed from had attempted to do, even though, if the plaintiff had pressed her original appeal to the Supreme Court, it might have been reversed as contrary to section 31 of the Code of Civil Procedure or as otherwise erroneous. This also is a construction of the statute which was certainly not wrong, let alone inescapably so. For jurisdiction, in the sense of the power to hear and decide, necessarily means the power to decide wrongly as well as rightly. Pope v. United States, 1944, 323 U.S. 1, 14, 65 S.Ct. 16, 89 L. Ed. 3; United States v. Gallagher, 3 Cir., 1950, 183 F.2d 342, 345, certiorari denied 340 U.S. 913, 71 S.Ct. 283, 95 L.Ed. 659. It follows that if a decision is wrong it must be corrected on application for rehearing or appeal in the manner prescribed by the statutes and rules of court before it has become final and unappealable. Foltz v. St. Louis & S. F. Ry. Co., 8 Cir., 1894, 60 F. 316, 318, 319.

██ The Supreme Court accordingly held that the plaintiff was estopped, under the doctrine of res judicata, from relitigating in the second suit the question as to the extent of the power of the Personnel Board to grant relief to her which had been decided against her by the final judgment of the District Court in the first suit. In so holding the Supreme Court made a clearly correct application of the settled doctrine of res judicata that where a valid and final judgment is rendered on the merits in favor of the defendant the plaintiff cannot maintain a second suit on the same cause of action. Restatement, Judgments, § 48.

The judgment of the Supreme Court of Puerto Rico will be affirmed.