**OPINION OF THE JUSTICES of the Supreme Court in Response to a Question Propounded by the Governor of Delaware.**

Supreme Court of Delaware.

Oct. 12, 1971.

———◆———

To His Excellency Russell W. Peterson, Governor of Delaware.

Reference is made to your letter of July 7, 1971, requesting the opinions of the Justices * as to the constitutionality of 18 Del.C. § 529, which provides as follows:

"AN ACT TO AMEND TITLE 18, DELAWARE INSURANCE CODE, BY AMENDING CHAPTER 5 TO CREATE A BOARD OF ARBITRATION REGARDING THE CANCELLATION OF CERTAIN INSURANCE AGENCY CONTRACTS

BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF DELAWARE:

Section 1. Chapter 5, Title 18, Delaware Code is amended by inserting a new section to read as follows:

§ 529. Arbitration of cancellation of insurance contracts

(a) Every insurance company shall notify the Insurance Commissioner or his successor and the agency involved, of the intent to cancel an agency contract, except life, whether it be written or verbal, 30 days prior to the issuance of the notice of cancellation.

(b) Except in the case where fraud exists or where an agency is in arrears of money owed, of more than 60 days to the insurance company in question, no insurance company may cancel an agency without giving 12 months notice. This notice shall be in writing and upon the option of the company may prohibit the agency from writing any new business in this particular company, but will allow the agency to renew all existing business in this 12 month period and will allow the agency to have binding authority, to make endorsements or other changes to existing business and will pay the same rate of commission for the 12 month period.

(c) The Insurance Commissioner shall appoint an Arbitration Board to arbitrate the cancellation of agency contracts. This Board shall consist of

---

* 10 Del.C. § 141 provides:

"§ 141. Opinions of the Justices upon request of the Governor

"The Justices of the Supreme Court, whenever the Governor of this State shall require it for public information, or to enable him to discharge the duties of his office with fidelity, shall give him their opinions in writing touching the proper construction of any provision in the Constitution of this State or of the United States, or the constitutionality of any law enacted by the Legislature of this State."

three arbiters appointed by the Insurance Commissioner. One of these arbiters shall be from the Insurance Department; the remaining two from the insurance industry.

(d) The purpose of this Board is to determine whether an agency cancellation will adversely effect the public interest. If such a determination is made, the Board shall prescribe a method of cancellation to be followed by both parties. The decision of the Board of Arbitration shall be binding upon the company and agency involved.

Section 2. This Act shall be effective July 1, 1971."

Following our agreement to furnish such opinions, we granted requests from several attorneys for permission to file briefs and to argue the matter. The firm of Bayard, Brill & Handelman, representing the Insurance Company of North America, presented arguments against the constitutionality of the Act, concurred in by Bernard S. Dempsey, Esq., representing Continental American Life Insurance Company. The firm of Schmittinger & Rodriguez, counsel for the Delaware Association of Independent Agents, and the Attorney General, by John P. Daley, Deputy Attorney General, presented arguments upholding the constitutionality of the Act.

Several reasons were advanced by the opponents of the Act in support of their contention. Two of those grounds lead to our conclusion that the Act is unconstitutional; we accordingly need not pass upon the other contentions made.

In the first place, it is our opinion that the Act is unconstitutional because the arbitration provisions constitute deprivateion of due process in violation of the Fifth Amendment to the Constitution of the United States, as well as Art. 1 § 9 of the Delaware Constitution, Del.C.Ann. Some of the matters which the Board of Arbitration may be called upon to decide could involve rulings which the parties are constitutionally entitled to have the courts pass upon as a matter of due process. "Compulsory arbitration," the effect of which is to close the courts to litigants by compelling resort to arbitrators for final determination of rights, is generally deemed a deprivation of due process. 5 Am.Jur.2d, "Arbitration and Award" § 9. Not only does this Act contain no provision for recourse to the courts, it purports to bar such remedy altogether by making the decision of the Board of Arbitration final and binding upon the parties involved. Contrary to a suggestion of one of the proponents of the Act, 18 Del.C. § 327 does not furnish authority for the courts to review action of the Board of Arbitration. That Section provides for appeals to the Court of Chancery from decisions of the Insurance Commissioner. Decisions of the Board of Arbitration are not decisions of the Commissioner; he exercises no authority over that Board, he merely appoints its members. Furthermore, there is no requirement in the Statute for the making of a record in the proceedings of the Board; in the absence of such a record, there is nothing for a court to review. The only way a court could conceivably act is by trying the case de novo, but this procedure would be contrary to the obvious legislative intent because it would result in a substitution of the court's judgment for that of the Board. The Act contains nothing to permit a trial de novo; indeed, its language demonstrates a contrary intent and legislative policy that disputes between a company and an agent be finally settled by the Board.

The provision for arbitration is to be contrasted with the provisions for hearings by the Commissioner pursuant to Chapter 3 of Title 18. In those hearings, a party may require a record of the proceedings to be kept. The order of the Commissioner must be in writing and must contain the Commissioner's findings of fact. In this way, a record is made available for the Court of Chancery to review the action of the Commissioner, pursuant to § 333.

Nothing of this sort is to be found in the new § 529.

In the second place, we deem the Act unconstitutional because it constitutes an impairment of existing contracts in violation of Art. 1 § 10 of the Federal Constitution. In this respect, it is analogous to the provision which we held unconstitutional in Globe Liquor Co. v. Four Roses Distillers Company, Del.Supr., 281 A.2d 19 (decided June 29, 1971). As we stated in that case: " * * * The States may not use their police power to alter or strike away the substantive rights and obligations of contracting parties without paying compensation. Only minor impairment or infringement of contractual rights is permissible." In that case, we held unconstitutional a statute which had the effect of transforming a one-year contract, containing no right of renewal, into an agreement extending into the indefinite future, terminable only upon certain conditions at the peril of severe penalties.

In the present case, we are told that most, if not all, insurance agency agreements are terminable at will. By the present Act, such a contract would be converted into one terminable only after thirteen-months notice, with the sole exception that during this period the company could forbid the agent to write new business. He would, however, be permitted to renew all existing business, including those risks which the company may have found unprofitable or undesirable for some reason. The only agents excepted are those who might perpetrate a fraud or might be more than sixty days late in paying the company. Even in cases of alleged fraud, for example, trouble could arise. The Act does not indicate what would happen if the company charges fraud and the agent denies it. That kind of dispute apparently does not fall within the power of the Board to resolve.

We think the burden of having to do business for a period of thirteen months with an agent whom the company has found to be unsatisfactory is a substantial impairment of the company's contract rights.

We have not overlooked the fact that, within the past few months, New Jersey and Rhode Island have adopted statutes placing certain restrictions upon the cancellation of insurance agency contracts. Those statutes differ in many significant ways from § 529; moreover, so far as we know, the courts of those States have not yet considered the constitutionality of their new enactments.

It is accordingly the opinion of each of the undersigned that the Act is unconstitutional.

Respectfully submitted,

/s/ DANIEL F. WOLCOTT
Chief Justice

/s/ JAMES B. CAREY
Justice

/s/ DANIEL L. HERRMANN
Justice