Vincent A. HANNA
v.
R. C. A. SERVICE COMPANY, Inc., a Division of Radio Corporation of America.
Civ. A. No. 68–2739.

United States District Court,
E. D. Pennsylvania.
Dec. 3, 1971.

Peter A. Galante, Philadelphia, Pa., for plaintiff.

Kimber B. Vought, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HANNUM, District Judge.

Before the Court is defendant's motion for summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, on the ground that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law. This action was precipitated by defendant's terminating plaintiff's employment as an engineer. In March of 1967 plaintiff responded to an advertisement placed in a Philadelphia newspaper by Lawrence Personnel, an employment agency, soliciting an electrical engineer for an overseas assignment. The employment agency allegedly advised plaintiff that the defendant was seeking engineers for a period of eighteen months at the Thule Air Base site in Greenland, where it was performing

work under a contract with the United States Government known as the Ballistic Missile Early Warning System Project (BMEWS project).

On January 3, 1968, plaintiff was interviewed by representatives of defendant and allegedly informed that the position was for an eighteen month period. While interviewing at the defendant's office, plaintiff executed three documents whose importance will be discussed shortly. On January 9, 1968, plaintiff received a letter from defendant offering him a position as an engineer at the Thule site at a salary of $450 bi-weekly. This offer made no mention of any term of employment. Plaintiff accepted this offer orally and reported to work on March 4, 1968 for a brief orientation period during which he was allegedly again told his employment would be for an eighteen month duration. Plaintiff performed his duties as an electrical engineer at the Thule site from March 18, 1968 until June 29, 1968, at which time he was returned to the United States. On July 26, 1968, his employment with defendant was permanently terminated, allegedly without cause.

On the basis of these facts and allegations, which we accept as true for the purposes of this motion, plaintiff instituted the instant action for damages resulting from the defendant's breaching its oral eighteen month employment contract with plaintiff.

Defendant argues in support of its summary judgment motion that plaintiff's employment was for an indefinite period, thus terminable at will, and even if plaintiff had an oral eighteen month employment contract, the Statute of Frauds bars its enforcement. In the Court's view defendant's first ground is dispositive of this case.

It is undisputed that the law of the State of New Jersey, the state with the most significant contacts and interest in the transaction, governs here. See Griffith v. United Air Lines, Inc., 416 Pa. 1, 203 A.2d 796 (1964).

Plaintiff executed a series of unambiguous documents during his pre-employment visit with representatives of defendant on January 3, 1968. Plaintiff completed and signed a document entitled "BMEWS Service Project Preliminary Questionnaire". Item D of this document provided in pertinent part as follows:

"In order to facilitate the planning necessary for efficient manning of forward sites, our records should reflect the intention and willingness of all employees with regard to assignments. Please initial the statements below which are appropriate to your situation, since your availability will have material bearing on our willingness to incur sizable costs in connection with your employment."

Three options followed: an extended site assignment, a temporary site assignment, and a brief remote site assignment. Plaintiff initialed his willingness to accept all of these assignments. The fact that plaintiff was asked to answer one or more options negates any offer of a specific length of employment by the defendant.

In addition, the following paragraph appears immediately above plaintiff's signature on this document:

"I understand that the foregoing is not to be construed as an offer or guarantee of employment or site assignment for any specific period of time. All assignments and my continued employment are dependent on satisfactory performance and the continuing need for my services as determined by RCA."

On the same day plaintiff signed a document entitled "BMEWS Serv-ice Project—ACKNOWLEDGEMENT", which provides for "Overseas Bonuses" to be paid upon completion of certain periods of service. Immediately above plaintiff's signature is a provision respecting the term of his employment:

"I also acknowledge that my employment is for no fixed period of time and that it may extend indefinitely if the company and I so agree or it may be terminated by myself or the company at will."

 The foregoing documents make it clear that no contract existed establishing any fixed or certain term of employment. Defendant hired plaintiff for an indefinite period of time. In the absence of a contract or a statute [1] employment is at will and may be terminated at any time by either party without cause. Hindle v. Morrison Steel Co., 92 N.J.Super. 75, 223 A.2d 193 (1966); Savarese v. Pyrene Manufacturing Co., 9 N.J. 595, 600, 89 A.2d 237 (1952); Piechowski v. Matarese, 54 N.J.Super. 333, 148 A.2d 872 (1959).

Certainly plaintiff could have terminated his employment with defendant at any time and the defendant would have had no recourse against him for such an action. Similarly, plaintiff has no recourse where defendant terminates the employment at will.

In view of the Court's conclusion that there was no contract for any definite period of employment, it does not reach the issue of whether the New Jersey Statute of Frauds would bar an action based on an oral eighteen month employment contract in this case.

The defendant is entitled to summary judgment.

---

1. Plaintiff has not contended that employment rights are guaranteed him by any statute such as the Federal Civil Rights Act. Accordingly, we intimate no view on this matter.