**AMERICAN MANNEX CORPORATION,**
**Plaintiff-Appellant,**

v.

**Charlton P. ROZANDS, etc., et al.,**
**Defendants-Appellees.**

**No. 71-2739.**

United States Court of Appeals,
Fifth Circuit.

June 28, 1972.

Rehearing Denied Aug. 22, 1972.

H. Paul Simon, New Orleans, La., for appellant; Deutsch, Kerrigan & Stiles, New Orleans, La., of counsel.

Jack P. F. Gremillion, Atty. Gen., Baton Rouge, La., Harry H. Howard, Asst. Atty. Gen., William P. Schuler, 2nd, Henry J. Roberts, Jr., Asst. Attys. Gen., Thomas M. Brahney, III, Special Counsel, Dept. of Justice, New Orleans, La., John E. Jackson, Jr. Second Asst. Atty. Gen., L. K. Clement, Jr., Asst. Atty. Gen., for defendants-appellees.

Before WISDOM, GOLDBERG and CLARK, Circuit Judges.

WISDOM, Circuit Judge:

■ The taxpayers sued in federal district court to contest the imposition of a Louisiana state ad valorem tax on certain of their property for the years 1967, 1968, and 1969. Previously, the same taxpayers had contested in state court the levy of the same tax on the same property for the year 1966, raising the same constitutional objection: that the Import-Export clause of the United States Constitution protected their property, in its asserted condition of transit, from state taxation. The district court held that the federal suit was barred by the earlier state court determination of the constitutional issue between these same parties. Judge Rubin explained that Louisiana would not bar the action as a matter of res judicata, but would consider the Import-Export issue settled between these parties under the Louisiana doctrine of "judicial estoppel." We agree with the district court's exposition of Louisiana law, and affirm on the basis of its opinion, reported as American Mannex Corporation v. Prejean, E.D.La. 1971, 328 F.Supp. 940. We consider it appropriate, however, to add a few words on an issue not discussed at length by the district court: the reason for allowing the Louisiana law of judicial estoppel to determine the effect of the prior Louisiana proceedings upon a subsequent suit in federal court upon an admittedly different cause of action.

■ The extent to which a federal court must attach conclusive effect to prior state court proceedings is a federal question. Adam v. Saenger, 1938, 303 U.S. 59, 64, 58 S.Ct. 454, 82 L.Ed. 649. Section 1738 of Title 28, United States Code, directs that judicial proceedings of the court of any State "shall have the same full faith and credit in every court within the United States . . . as they

have by law or usage in the courts of such State . . . from which they are taken." When the parties and the cause of action litigated are the same in state court as in federal court, the doctrine of res judicata has been held to bar federal relitigation, even if a federal constitutional question is in dispute. Brown v. Chastain, 5 Cir.1969, 416 F.2d 1012, cert. den. 397 U.S. 951, 90 S.Ct. 976, 25 L.Ed.2d 134; accord, Katz v. State of Connecticut, 2 Cir.1970, 433 F.2d 878. Similarly, it has been held that disputed factual or legal issues arising between the same parties cannot be relitigated in federal court after a valid state court determination of the same issues. The principle may be described as one of "judicial estoppel" in Louisiana, see Friedenthal v. General Insurance Company of America, 5 Cir.1968, 395 F.2d 202, 203; Cauefield v. Fidelity and Casualty Company of New York, 5 Cir.1967, 378 F.2d 876; Seaboard Air Line R. Co. v. George F. McCourt Trucking Inc., 5 Cir.1960, 277 F.2d 593; or "collateral estoppel" in other states. Vernitron Corp. v. Benjamin, 2 Cir.1971, 440 F.2d 105. But the result is the same. In accordance with 28 U.S.C. § 1738, the federal court follows the state rule of repose.

■ This does not necessarily mean, however, that a federal court is invariably bound to a state's own interpretation of res judicata or judicial estoppel. Other well-defined federal policies, statutory or constitutional, may compete with those policies underlying section 1738.[1] For example, federal tax policy may dictate limited application of collateral estoppel when there is federal relitigation of a state court determination bearing on federal tax liability. See Commissioner of Internal Revenue v. Sunnen, 1948, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898. Whether such a competing federal policy might prevail over the policy embodied in section 1738 is a question we need not, and do not, decide today. For it is clear that the present record suggests no federal statutory or constitutional interest to compete with the unequivocal statement embodied in section 1738, no federal interest independent of the basic substantive issue to suggest the need for departure from the Louisiana doctrine of judicial estoppel. Should a case arise, similar to *Sunnen* where an independent federal interest might support departure from strict adherence to a state rule of repose, a federal question of considerable complexity would be presented.[2] In addition, it should be noted that there has been no change in the significant facts and no significant legal development relevant to this constitutional issue since Mannex

1. See Byrd v. Blue Ridge Rural Electric Cooperative, Inc., 1958, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953; Hanna v. Plumer, 1965, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8.

2. *Compare, e. g.,* Lyons v. Westinghouse Electric Corp., 2 Cir. 1955, 222 F.2d 184, cert. den. 350 U.S. 825, 76 S.Ct. 52, 100 L.Ed. 737, *and* Mach-Tronics Inc. v. Zirpoli, 9 Cir. 1963, 316 F.2d 820, 833, *with* Becher v. Contoure Laboratories, Inc., 1929, 279 U.S. 388, 49 S.Ct. 356, 73 L.Ed. 752, *and* Connelly v. Balkwill, 6 Cir. 1960, 279 F.2d 685, aff'g 174 F.Supp. 49.

See Note, Res Judicata: Exclusive Federal Jurisdiction and the Effect of Prior State-Court Determinations, 53 Va. L.Rev. 1360, 1384 (1967):

[I]f a federal purpose or interest will be undermined by allowing collateral estoppel effect, as might occur when a determination of law would be given this effect or when the availability of federal procedure is a prerequisite to carrying out the intent of Congress implicit in its definition of the substantive federal claim, a valid reason may exist for denying collateral estoppel effect. In any event, the federal purpose and interest which might be undermined by applying collateral estoppel must be balanced against the policy reasons which support this res judicata doctrine.

See generally Note, The Res Judicata and Collateral Estoppel Effect of Prior State Suits on Actions Under SEC Rule 10b–5, 69 Yale L.J. 606 (1960); Comment, Exclusive Federal Jurisdiction: The Effect of State Court Findings, 8 Stan.L.Rev. 439 (1956).

submitted its case to the Louisiana Supreme Court. We express no view as to the appropriateness of today's result in the setting of significant factual or legal change occurring in the interim separating state and federal court adjudication of the same constitutional issue between the same parties.

The application of state law we approve today is state law wrapped in a cocoon of federal law governing the degree of adherence to state law—not unequivocal application of naked state law.

Affirmed.