**Deake G. PORTER, Plaintiff,**

**v.**

**Robert NOSSEN et al., Defendants.**

**Civ. No. 73-72.**

United States District Court,
M. D. Pennsylvania.

July 9, 1973.

**528**

Ambrose R. Campana, Williamsport, Pa., for plaintiff.

J. Justin Blewitt, Jr., Dept. of Justice, Harrisburg, Pa., for defendants.

## OPINION

MUIR, District Judge.

Plaintiff Deake G. Porter brought this suit under the Civil Rights Act, 42 U.S.C. § 1983, seeking reinstatement to his position as professor of Economics at Bloomsburg State College and compensation for emoluments denied him since his allegedly unconstitutional dismissal from that position. Defendants have moved to dismiss the complaint on the ground that the dismissal of Plaintiff's prior state court action against the Defendants and their privies bars this suit as a matter of *res judicata*. The motion will be denied for the reasons set forth below.

Porter's state court suit was an action in mandamus for reinstatement. The action was dismissed on preliminary objections by the Commonwealth Court of Pennsylvania sitting *en banc*,[1] and the dismissal was affirmed by the Supreme Court of Pennsylvania.[2] A petition for a writ of certiorari is now pending before the United States Supreme Court. The Pennsylvania Supreme Court stated in its brief opinion that Porter, "a nontenured employee, could not contend that he had a clear right to his position or that reinstatement to his position by the college was purely a ministerial act."[3] The Court held that he "had failed to state a cause of action for an action of mandamus."[4]

■■■ 28 U.S.C. § 1738 provides in relevant part that state judicial proceedings "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . ." The interpretation of this statute is a matter of federal law[5] and in some cases, certain federal policies may mandate refusal to follow the letter of the statutory command.[6] However, no such policy applies here. State courts are generally capable of giving full and fair consideration to federal constitutional claims,[7] and no basis for finding the state court proceedings in this case to be an exception to the rule has been advanced. The fact that a federal constitutional issue is involved in

1. Porter v. Bloomsburg State College, 5 Pa. Cmwlth. 26 (1972).

2. Porter v. Bloomsburg State College, 450 Pa. 375, 301 A.2d 621 (1973).

3. Id. at 377–378, 301 A.2d at 622.

4. Id. at 377, 301 A.2d at 622.

5. Adam v. Saenger, 303 U.S. 59, 64, 58 S.Ct. 454, 82 L.Ed. 649 (1938).

6. See, e. g., Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S. Ct. 715, 92 L.Ed. 898 (1948); American Mannex Corp. v. Rozands, 462 F.2d 688, n. 2 at 690 (5th Cir. 1972).

7. See, e. g. University Day Care Center v. Temple University, 442 F.2d 1116, 1118 (3d Cir. 1971).

the suit is not a reason to deny full faith and credit to the state court proceedings.[8] This is so even where the federal claim is not presented to or decided by the state court [9] because "where the second action is based upon the same cause of action as that upon which the first action was based, the judgment is conclusive as to all matters which were litigated or *might have been litigated* in the first action." [10] Accordingly, whether Plaintiff advanced his federal constitutional claims in the state court proceedings, a matter in dispute between the parties, is irrelevant here.

In order to give full faith and credit to the prior state court proceedings, it is necessary to determine what *res judicata* effect the courts of Pennsylvania would give to those proceedings.[11] Since dismissal for failure to state a cause of action is a final judgment in the Pennsylvania courts, the dismissal of Plaintiff's suit must receive the same weight as would be given a decision on the merits that Plaintiff was not entitled to a writ of mandamus.[12] Unfortunately, there does not appear to be any Pennsylvania case which states what that weight is. An inquiry into the Pennsylvania doctrines of *res judicata* and mandamus is therefore required.

The basic Pennsylvania law of res judicata is that "ordinarily a final judgment for the defendant in a prior suit between the same parties or their privies covering the same subject matter bars the plaintiff from re-litigating the cause of action determined by such a judgment." [13] Plaintiff asserts that his "cause of action" for reinstatement and back pay was not "determined" by the prior judgment against him. I agree. Because of this agreement it is not necessary to explore the subtle parameters of the concept of "cause of action" in the *res judicata* context.[14]

Only a very few courts have considered the res judicata effect to be accorded the denial of a writ of mandamus.[15] Of these courts, only two have held that the denial of mandamus precludes a second suit which is not in mandamus.[16] However, although nominally based on the doctrine of *res judicata*, each of the two decisions is in my view more properly determined by the collateral estoppel effect to which the decision of an issue in the mandamus suit was entitled. For example, in Ramirez-Pabon v. Board of Personnel,[17] the court noted that

8. American Mannex Corp. v. Rozands, 462 F.2d 688 (5th Cir. 1972) ; Katz v. State of Connecticut, 433 F.2d 878 (2d Cir. 1970) ; Brown v. Chastain, 416 F.2d 1012 (5th Cir. 1969) ; cert. denied 397 U.S. 951, 90 S.Ct. 976, 25 L.Ed.2d 134.

9. Taylor v. New York City Transit Authority, 433 F.2d 665, 668 (2d Cir. 1970) ; Howe v. Brouse, 422 F.2d 347, 348 (8th Cir. 1970) ; Frazier v. East Baton Rouge Parish School Board, 363 F.2d 861 (5th Cir. 1966).

10. Frazier v. Baton Rouge Parish School Board, 363 F.2d 861 (5th Cir. 1966) (citing Restatement, Judgments, §§ 47, 48 (1942)). See also Sustrik v. Jones & Laughlin Steel Corp., 413 Pa. 324, 327, 197 A.2d 44 (1964).

11. Oklahoma Packing Co. v. Gas Co., 309 U.S. 4, 7–8, 60 S.Ct. 215, 84 L.Ed. 447 (1940) ; Cf. Williams v. Murdoch, 330 F.2d 745, 751 (3d Cir. 1964).

12. Catanese v. Scirica, 437 Pa. 519, 520–521, 263 A.2d 372 (1970) ; See Erie Firefighters Local No. 293 v. Gardner, 26 Pa.D. & C.2d 327, aff'd 406 Pa. 395, 178 A.2d 691 (1962).

13. Williams v. Murdoch, 330 F.2d 745, 752 (3d Cir. 1964) ; Callery v. Blythe Twp. Mun. Auth., 432 Pa. 307, 311–312, 243 A.2d 385 (1968).

14. See, e. g., Kendall v. Stokes, 3 How. 87, 44 U.S. 87, 101–102, 11 L.Ed. 506, 833 (1845) ; Catanese v. Scirica, 437 Pa. 519, 522, 263 A.2d 372 (1970) ; Restatement, Judgments, comment (a) to § 63 at 258 (1942).

15. See "Judgment Granting or Denying Writ of Mandamus or Prohibition as Res Judicata," 21 A.L.R.3d 206, § 7 at 225–227 ; § 12 at 248–250.

16. Ramirez-Pabon v. Board of Personnel, 254 F.2d 1 (1st Cir. 1958) ; Elmhurst v. Kegerreis, 392 Ill. 195, 64 N.E.2d 450 (1945).

17. 254 F.2d 1 (1st Cir. 1958).

"The Supreme Court [of Puerto Rico] . . . held that the plaintiff was estopped, under the doctrine of res judicata, from relitigating in the second suit the question as to the extent of the power of the Personnel Board to grant relief to her which had been decided against her by the final judgment of the District Court in the first suit. In so holding the Supreme Court made a clearly correct application of the settled doctrine of res judicata that where a valid and final judgment is rendered on the merits in favor of the defendant the plaintiff cannot maintain a second suit on the same cause of action. Restatement, Judgments, § 48." [18] Unlike the situation which faced the court in *Ramirez-Pabon*, the decision in Porter's prior suit did not determine an issue which is also dispositive of his subsequent suit. All that was decided in his state suit was that his reinstatement would not be a purely ministerial act.[19]

Of the other courts which have considered the issue, only the courts of New York have faced it squarely. They have held that the denial of a writ of mandamus is a technical disposition which should not bar Plaintiff's other remedies on the same cause of action.[20]

■ The Restatement of Judgments does not explicitly treat the *res judicata* effect of the denial of mandamus relief. It does provide, however, that "[w]here a judgment is rendered in favor of the defendant because the plaintiff seeks a form of remedy which is not available to him, the plaintiff is not precluded from subsequently maintaining an action in which he seeks an available remedy." [21] Comment (i) to this provision elaborates upon its meaning in the context of a denial of equitable relief.

"[I]f the plaintiff brings a suit in equity which is dismissed because his remedy was solely by an action at law, the plaintiff is not precluded from maintaining an action at law. This is true, for example, where the suit in equity is dismissed because the plaintiff has an adequate remedy at law, or on the ground of such delay or hardship or impropriety of the plaintiff's conduct as bars a suit in equity but not an action at law." [22]

Pennsylvania law is to the same effect.

" 'A decree in equity is not, like a judgment at law necessarily conclusive as to every matter which either was or might have been involved in the decision. Regard must be had to the reasons of the chancellor, as well as to his decree, for, to take the most obvious illustration, the case may have been disposed of on grounds of adequate remedy at law, or other reasons not involving the merits.' " [23]

In my view, the Pennsylvania courts would apply this reasoning to the analogous situation here: the denial of mandamus as unavailable because Plaintiff's reinstatement was not a purely ministerial act. That denial was on a very

---

18. 254 F.2d at 4.

19. Cf. Nicolella v. Trinity Area School District School Board, 444 Pa. 544, 281 A.2d 832 (1971) (mandamus denied; decision on the merits that Plaintiffs' dismissal by the school board was in good faith) ; Mullen v. DuBois Area School District, 436 Pa. 211, 217, 259 A.2d 877 (1969) (mandamus granted; decision on the merits that Plaintiff was arbitrarily dismissed).

20. In Re Weppler, 170 Misc. 933, 10 N.Y.S.2d 1003, aff'd 257 App.Div. 940, 13 N.Y.S.2d 280 (1939) ; People ex rel. Dutton v. Maxwell, 137 App.Div. 737, 122 N.Y.S. 637 (1910). See also Heimbecher v. Denver, 97 Colo. 465, 50 P.2d

785 (1935) and Watkins v. Seattle, 2 Wash.2d 695, 99 P.2d 427 (1940) (different causes of action).

21. Restatement, Judgments, § 65(2) at 271 (1942).

22. Id., comment (i) at 278.

23. First Baptist Church v. Myers, 366 Pa. 461, 463, 77 A.2d 433 (1951), citing Larkins v. Lindsay, 205 Pa. 534, 535, 55 A. 184 (1903). See also Zawada v. Pennsylvania System Board of Adj., 392 Pa. 207, 140 A.2d 335 (1958) ; Bassis v. Rutenberg, 177 Pa.Super. 339, 110 A.2d 897 (1955) (Judgment for Defendant in suit on alleged express contract does not bar later suit in quantum meruit.)

narrow ground. It was not on the merits of his claim to continued employment nor on the merits of any issue which is determinative of his present suit. Although conclusive as to his asserted right to a writ of mandamus, it should not bar the instant suit for injunctive and monetary relief.

An Order denying Defendant's motion to dismiss will be entered.