LeRoy W. deMARRAIS, Plaintiff,

v.

COMMUNITY COLLEGE OF ALLEGHENY COUNTY et al., Defendants.

Civ. A. No. 75–707.

United States District Court, W. D. Pennsylvania.

Jan. 15, 1976.

Feldstein, Bloom, Grinberg, Stein & McKee, Pittsburgh, Pa., for plaintiff.

Francis A. Barry, County Sol., Allegheny County, Law Dept., Pittsburgh, Pa., for defendants.

## OPINION OF THE COURT

SNYDER, District Judge.

This Civil Rights action was brought by LeRoy W. deMarrais against the Community College of Allegheny County (College), John B. Hirt, President of the Board of Trustees and chief executive officer of the College, and the Members of the Board of Trustees, as a result of his termination of employment with the College. Defendants have filed a Motion to Dismiss, and the same will be granted in part.

## FACTUAL BACKGROUND

deMarrais was hired by the College in March of 1967 as Vice President and was given the task of organizing a West Mifflin campus. His title was changed in September of 1967 to Campus Vice President and his annual salary was fixed at $25,000.00. In October of 1972, deMarrais was informed that the College was reorganizing its staff and that his services would no longer be needed. After he was notified of his termination, deMarrais entered into an oral contract with John Hirt on behalf of the College whereby deMarrais would serve as President of the South Campus from December 1972 through November 1973. deMarrais alleges that contrary to an agreement that he would make the public announcement of the reorganization plans, Hirt made the public announcement; furthermore, on or about March 30, 1973, Hirt, in a letter to deMarrais, informed deMarrais that his services with the College would be terminated as of July 1, 1973. When the College refused to pay him for the balance due on his alleged contract and when it failed to rehire him, deMarrais filed a Writ of Mandamus in the Court of Common Pleas of Allegheny County at No. 2105, January Term, 1974A, on November 21, 1973. The Writ was denied on March 8, 1974 by Judge Weir, who found that there was no existing contract between the parties; that termination of employment was proper and that the Plaintiff had no common law or statutory right to tenure; and that deMarrais was therefore subject to termination at will. (See Appendix A) The Commonwealth Court of Pennsylvania affirmed *per curiam* whereupon deMarrais instituted this Civil Rights action on June 12, 1975. (See Appendix B)

The Defendants' Motion to Dismiss raises the bar of the statute of limitations and that of *res judicata* or collateral estoppel arising from the decision of the Commonwealth Court.

## I. THE STATUTE OF LIMITATIONS.

Clearly, the defense of the statute of limitations can be raised in a motion to dismiss, *Harrington v. Yellin,* 158 F.Supp. 456 (E.D.Pa.1958); *Hankinson v. Pennsylvania Railroad Company,* 160 F.Supp. 709 (E.D.Pa.1958), and actions in Federal Court under the Civil Rights Act are governed by the statute of limitations of the State on the most analogous cause of action. Thus, the Court in *Ammlung v. City of Chester,* 494 F.2d 811 (3d Cir. 1974) said (at p. 814):

"Since there is no federal statute of limitations with respect to civil rights actions arising out of 42 U.S.C.A. § 1983, the court below properly held that the Pennsylvania statute of limitations for analogous actions should be applied." (Citations omitted)

In the instant proceedings, the Plaintiff alleges a cause of action in which Hirt, on August 21, 1973 purportedly telephoned other college employees to tell them that deMarrais was behaving in an irrational manner and was returning to South Campus without authority, and further alleging that Hirt wrote a letter to the Trustees on August 21, 1973 stating that deMarrais had behaved irrationally and had mentioned something about a gun in talking with Hirt.

This cause of action is construed to be that of slander and the applicable Pennsylvania Statute is provided in 12 P.S. § 31:

"... all actions of trespass ... shall be commenced and sued

within the time and limitation hereafter expressed, and not after; . . . upon the case for words, within one year next after the words spoken, and not after."

See *Loughrey v. Landon,* 381 F.Supp. 884 (E.D.Pa.1974).

This cause of action for slander will, therefore, be dismissed.

## II. RES JUDICATA.

The Defendants contend that the other claims raised by deMarrais must be disposed of as *res judicata* under the opinion of the Commonwealth Court.

All of the damages and claims for relief requested by the Plaintiff, other than the slander action, are based upon an alleged wrongful discharge growing out of an alleged contract and the termination thereof.

█ It is a well established principle that when a subsequent cause of action is identical to the original cause of action, *res judicata* applies, and the original judgment is conclusive not only as to the matters raised and litigated, but also as to matters that could have been raised and litigated. *Donegal Steel Foundry Co. v. Accurate Products Co.,* 516 F.2d 583 (3d Cir. 1975); *Murphy v. Landsburg,* 490 F.2d 319 (3d Cir. 1973), *cert. denied* 416 U.S. 939, 94 S.Ct. 1941, 40 L.Ed.2d 289 (1974); *Jamerson v. Lennox,* 356 F.Supp. 1164 (E.D.Pa.), *aff'd* 414 U.S. 802, 94 S.Ct. 150, 38 L.Ed.2d 39 (1973); *Albright v. R. J. Reynolds Tobacco Company,* 350 F.Supp. 341 (W.D.Pa. 1972) *aff'd* 485 F.2d 678 (3d Cir. 1973), *cert. denied* 416 U.S. 951, 94 S.Ct. 1961, 40 L.Ed.2d 301 (1974).

The Defendants contend that the State Court action was final as to this cause of action; deMarrais argues that this Civil Rights action may be dismissed only when his federal claims were fully and unreservedly submitted for decision to the State Court, citing *Porter v. Nossen,* 360 F.Supp. 527 (M.D.Pa.1973). In *Porter,* a discharged college professor brought a civil rights action seeking reinstatement and back pay after his petition for mandamus had been denied in the State Court. Judge Muir held in that case that *res judicata* did not bar plaintiff's recovery because the State Court's denial rested on the limited basis that the plaintiff was not entitled to continued employment; and not on the merits of any issue determinative of the action before him.

█ In this case it is noted that in the Appellant's Brief before the Commonwealth Court of Pennsylvania,[1] deMarrais argued at some length that he had been denied procedural due process and to this extent certainly the action of the State Court is *res judicata.* *England v. Louisiana Medical Examiners,* 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964). This disposes of Causes of Action A, B and C. However, in Cause of Action D, deMarrais raises for the first time the contention that the actions of the Defendants were motivated "by a desire to interfere with the exercise by deMarrais of his constitutional right to freely express himself." In line with the reasoning in *Porter,* we cannot hold that there was any conclusion as to this alleged violation of the Constitutionally protected freedom of speech. This portion of the Defendant's Motion as it relates to Cause of Action D will therefore be denied.[2]

Cause of Action E was disposed of by the State Court action and we have dis-

---

1. This Court may take judicial notice of the pleadings and briefs filed in *deMarrais v. Community College of Allegheny County, et al.,* No. 2105 Jan. Term 1974A (Ct.C.P.All'y Co., filed March 8, 1974) *aff'd* No. 458 C.D.1974, 351 A.2d 314 (Pa.Cmwlth.). *Commonwealth of Pennsylvania v. Brown,* 373 F.2d 771 (3d Cir. 1967); *Golden Triangle Broadcasting, Inc. v. Honorable Loran L. Lewis, et al.,* C.A. No. 74–794 (W.D.Pa. filed Jan. 9, 1976).

2. Cause of Action D does not depend upon the existence of a contractual right of employment. *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Sarteschi v. Burlein,* 508 F.2d 110 (3d Cir. 1975).

   For a summary of the Causes of Action in deMarrais' Complaint, see APPENDIX C.

posed of Cause of Action F relating to the slander action in Section I of this Opinion.

An appropriate Order will be entered.

## APPENDIX A

Opinion.

(Filed March 8, 1974.)

Before: WEIR and POPOVICH, JJ.

WEIR, J.

The individual defendant terminated plaintiff's employment as President of the South Campus of the Community College of Allegheny County, and the latter brought this action in mandamus. It seeks direct reinstatement, but the argument is also made that plaintiff is at least entitled to an administrative hearing by the board of the college. For disposition presently are preliminary objections in the nature of a demurrer by defendants and a motion for summary judgment by plaintiff.

In Pennsylvania, and elsewhere for that matter, there has been no reversal of the common law principle that employment is at will and may be terminated by either party at any time with or without cause in the absence of a contract or a statute to the contrary. *Hanna v. Radio Corporation of America*, 336 F.Supp. 62 (1971), *McKinney v. Armco Steel Corp.*, 270 F.Supp. 360 (1962). Public employment is no exception. *Naef v. City of Allentown*, 424 Pa. 597, 227 A.2d 888 (1967).

No contract of employment existed in the case at bar and the termination was effected as is customary by plaintiff's superior whose action is presumptively authorized and is affirmatively endorsed by the posture of the Board in this case.

If there exists a statutory protection for plaintiff in some form of tenure we would expect to find this in the Community College Act of 1963, as amended, 24 P.S. 520 *et seq.*, but no such provision is contained therein. Also the tenure section, namely, Art. XI of the Public School Code of 1949, 24 P.S. § 11–1101 *et seq.*, does not relate in any way to this problem. This is mentioned although there really is no contention here that plaintiff is the beneficiary of any statute except procedurally. It is argued that Community College of Allegheny County is a local agency within the definition of such in the Local Agency Law of December 2, 1968, P.S. 1113 *et seq.*, and that this entitles plaintiff to bring his grievance before the Common Pleas Court of the judicial district within which the grievance arose in appropriate form which, in this instance, would be mandamus. This may be true, but there is no need to decide whether it is or is not, since clearly the mere fact that one chooses the correct writ and files it in the correct forum does not supply a substantive right to prevail where such right is completely lacking.

Therefore we shall deny plaintiff's motion for summary judgment and sustain defendant's preliminary objection in the nature of a demurrer.

## APPENDIX B

| | | |
|---|---|---|
| LEROY W. deMARRAIS, | : | IN THE COMMONWEALTH |
| Appellant | | |
| | : | COURT OF PENNSYLVANIA |
| v. | | |
| | : | |
| COMMUNITY COLLEGE OF ALLEGHENY COUNTY and JOHN B. HIRT, President, | : | |
| Appellees | : | NO. 458 C. D. 1974 |

## ORDER

**PER CURIAM**

Now, November 19, 1974, the order of the lower court is affirmed on the opinion of Judge Weir, No. 2105 January Term, 1974, Court of Common Pleas of Allegheny County, Pennsylvania, Civil Division.

## APPENDIX C

A summary of the Causes of Action in deMarrais' Complaint is as follows:

Cause of Action A: Hirt, acting under color of state law and in violation of the agreement with deMarrais, announced the reorganization of the college to the detriment of plaintiff's reputation, denying deMarrais of his property (i. e., his good name and reputation.)

Cause of Action B: Hirt, in violation of the employment contract and without a prior hearing, dismissed deMarrais from his employment as of July 1, 1973.

Cause of Action C: The Trustees conspired with each other and with Hirt in acquiescing to deMarrais' termination and conspired to deprive deMarrais of his Constitutional rights, to-wit, his good name, his reputation, and his interest in the contract of employment, all without due process.

Cause of Action D: Hirt dismissed deMarrais because he exercised his First Amendment right to free speech even though his speaking out in no way interfered with his performance of his job.

Cause of Action E: Hirt, as authorized by the Board of Trustees, breached his contractual duties to deMarrais thereby causing damages.

Cause of Action F: Hirt made allegations that were slanderous per se about deMarrais thereby injuring deMarrais' professional reputation.