**Earl JAMERSON and Odell Wright, on behalf of themselves and all others similarly situated**

v.

**William M. LENNOX, Individually and as Sheriff of Philadelphia County et al.**

**Civ. A. No. 70–1796.**

United States District Court, E. D. Pennsylvania.

Memorandum with Rulings, May 23, 1972.

Supplemental Memorandum with Rulings, Nov. 29, 1972.

Memorandum and Order, March 28, 1973.

---

See, also, D.C., 321 F.Supp. 656.

J. Shane Creamer, State Atty. Gen., Commonwealth of Pa., James R. Adams, Deputy Atty. Gen., Dept. of Justice, Commonwealth of Pa., Harrisburg, Pa., Steven R. Sosnov, Asst. Atty. Gen., Harry Wolov, City Solicitor, Philadelphia, Pa., for Lennox and Cortese.

Louis S. Cali, Philadelphia, Pa., for Baird S. & L. Assn.

Arnold R. Lieberman, Philadelphia, Pa., for Adal Corp.

Michael L. Temin, Philadelphia, Pa., for Federal National Mtg. Assn.

Edwin Seave, Philadelphia, Pa., for Mid-Penn Consumer Discount.

William L. Matz, Philadelphia, Pa., for West Phila. Federal.

Philip C. Patterson, Philadelphia, Pa., for Middle Atlantic Finance Assn.

Americo V. Cortese, Prothonotary, Philadelphia, Pa., for City of Philadelphia.

David A. Scholl, Philadelphia, Pa., for Community Legal Services, Inc.

Joseph R. Young, Media, Pa., for Lansdowne Federal S. & L. Assn.

Before VAN DUSEN, Circuit Judge, WEINER and HANNUM, District Judges.

## MEMORANDUM WITH RULINGS

Without filing any Motion applying for rulings, plaintiffs' counsel has applied by letters of April 11, April 26 and May 12, 1972, for rulings on these issues:

A. The jurisdiction of the court over this case.

B. The propriety of the class of plaintiffs alleged in the Complaint.

C. The unavailability of the res judicata principle as a defense.

As to A, the court has jurisdiction over the subject matter. See Lynch v. Household Finance Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (Opinion of 3/23/72, 40 L.W. 4335).

As to B, there are not sufficient facts established in this record to determine whether the class of plaintiffs alleged in the Complaint is appropriate under F.R. Civ.P. 23. At the pre-trial conference of December 1970, it was understood that the parties would agree upon a stipulation of as many relevant facts as possible and that the testimony introduced at the hearing sur application for preliminary injunction would be transcribed and form part of the record on the hearing sur final injunction, with the understanding that any party could supplement such record at the final hearing. The plaintiffs will be given until August 1, 1972, to make an adequate record, to file and serve a supplemental pre-trial memorandum, and to apply for a hearing sur final injunction in a document suggesting possible dates for such hearing. Defendants will be given 20 days after service of plaintiffs' supplemental pre-trial memorandum to file and serve supplements to their pre-trial memoranda.

C cannot be decided until B is determined. It will be necessary to compare the class of plaintiffs determined to be appropriate in this case with the class of plaintiffs in Swarb v. Lennox, 314 F. Supp. 1091 (E.D.Pa.1970), aff'd, 405 U. S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972).

Before VAN DUSEN, Circuit Judge, WEINER, and HANNUM, District Judges.

## SUPPLEMENTAL MEMORANDUM WITH RULINGS

*(Supplementing Memorandum of May 23, 1972, filed as Document 57)*

■ The court has reconsidered the record in light of the recently transcribed hearing of August 10, 1970, sur application for preliminary injunction. It is now possible to determine the *res judicata* effects of Swarb v. Lennox, 314 F.Supp. 1091 (E.D.Pa.1970), aff'd, 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972). The court has decided that plaintiffs are precluded from asserting the general invalidity of confession of judgment clauses in bonds and warrants of attorney executed incident to the purchase of real estate.

■■ A final judgment on the merits by a court of competent jurisdiction binds the parties as to every matter which was or could have been offered to sustain or defeat the cause of action. *See, e. g.,* Commissioner v. Sunnen, 333 U.S. 591, 597–598, 68 S.Ct. 715, 92 L.Ed. 898 (1948). This doctrine applies where the earlier suit was lost because of a failure of proof. Heïser v. Woodruff, 327 U.S. 726, 733, 66 S.Ct. 853, 90 L.Ed. 970 (1946). It applies to the members of a class before the court as well as to the representative parties. Hansberry v. Lee, 311 U.S. 32, 41–43, 61 S.Ct. 115, 85 L.Ed. 22 (1940); Supreme Tribe of Ben-Hur v. Cauble, 255 U.S. 356, 41 S. Ct. 338, 65 L.Ed. 673 (1921); Restatement of Judgments § 86 (1942). It applies to claims under 42 U.S.C. § 1983 (1970). Gambocz v. Yeiencsics, 468 F.

2d 837 (3d Cir., filed Oct. 12, 1972); P I Enterprises, Inc. v. Cataldo, 457 F.2d 1012 (1st Cir. 1972); Mertes v. Mertes, 350 F.Supp. 472 (D.Del., filed Nov. 2, 1972).

Relief in Swarb v. Lennox was confined to a certain class of Pennsylvania residents who signed confession of judgment clauses in leases and consumer financing documents. 314 F.Supp. at 1102. Plaintiffs now contend that the exclusion from similar relief of the class of persons who had signed bonds and warrants of attorney was due to a determination that this class was not properly before the court, that is, that the class action as to these persons was not maintainable. We disagree. At no time prior to the filing of the decision was the participation of this class in the lawsuit in any way limited, and there was no indication that this class was being inadequately represented. Evidence was offered concerning the circumstances under which bonds and warrants of attorney are executed. The failure of the class to be granted the relief they requested was attributable solely to their failure to meet their burden of proof. See 405 U.S. at 198, 92 S.Ct. 767, 31 L. Ed.2d 138, 314 F.Supp. at 1098.[1]

■ *Res judicata* does not, however, bar parties from bringing subsequent suits on different causes of action. Commissioner v. Sunnen, *supra*; Williamson v. Columbia Gas & Electric Corp., 186 F.2d 464, 467–70 (3d Cir. 1950); Restatement of Judgments §§ 61–67 (1942); 1B J. Moore, Federal Practice ¶ 0.410 [1] (1965). Para-

graph 24 of the complaint in this case alleges that mortgages are being used as a vehicle for financing consumer transactions, as well as real estate transactions. Because *Swarb* in no way involved this practice,[2] plaintiffs are free to challenge the validity of the use of confession of judgment clauses in the bonds and warrants of attorney in connection with consumer transactions.

For the purpose of the ruling today as to the *res judicata* effects of Swarb v. Lennox, the court has determined that the class now before the court consists of the class alleged in paragraph 4(c) of the complaint.[3]

Counsel may submit within twenty days a final order entering judgment in favor of defendants and against plaintiffs in this suit, without prejudice to the right of plaintiffs to institute another action seeking a declaration that confession of judgment clauses in bonds and warrants of attorney executed in consumer financing transactions are invalid; or counsel for plaintiffs may submit an amendment to the complaint limiting it to such declaration.

Before VAN DUSEN, Circuit Judge, WEINER, and HANNUM, District Judges.

VAN DUSEN, Circuit Judge.

MEMORANDUM AND ORDER SUR PLAINTIFFS' MOTION TO SET ASIDE FINDINGS AND FOR A NEW TRIAL

Plaintiffs ask this court to reconsider[1] its rulings of May 23, 1972,

---

1. This failure of proof was described at length in the transcript of the proceeding of May 14, 1970, at 24–25.

2. There was some mention of this practice in the *Swarb* proceedings, *see* Transcript of May 14, 1970, at 18–23. However, it was indicated there that the practice began after the filing of the complaint, and no claim concerning it was ever introduced.

3. ". . . all other persons who are residents of the Commonwealth of Pennsylvania and who are or may be subject to execution of writs by the Sheriff

of Philadelphia County, issued upon judgments entered under the acts and rules challenged herein, or who have had such judgments entered against them by the Prothonotary of the Court of Common Pleas of Philadelphia County under those acts or rules, or who have signed mortgage contracts and accompanying documents authorizing such judgments to be entered against them under those acts or rules even though such judgments may not yet have been so entered."

1. Plaintiffs file their motion pursuant to F.R.Civ.P. 59 and 60(b). Rule 60, how-

and November 29, 1972, and to vacate the order entered pursuant thereto on January 3, 1973, dismissing their case with prejudice.[2] For convenience, we include these earlier rulings as an appendix to this ruling. We adhere to the November 29 ruling that Swarb v. Lennox, 314 F.Supp. 1091 (E.D.Pa.1970), aff'd, 405 U.S. 191, 92 S.Ct. 767, 31 L. Ed.2d 138 (1972), bars this new suit.

The named plaintiffs in this case represent the class of persons who have or will execute bonds and warrants of attorney containing confession of judgment clauses.[3] Admittedly such persons were initially members of the class of persons who asserted in *Swarb* the invalidity of confession of judgment clauses. The heart of their argument against interpreting *Swarb* to have a *res judicata* effect here is their contention that the final order in *Swarb* excluded them from class membership. If they were not ultimately before the court in *Swarb*, then *Swarb* cannot preclude the present attack on confession of judgment clauses.

The final order in *Swarb* reads in part, "This action may be maintained and is determined on behalf of a class consisting of those individual natural persons . . . who have signed confession of judgment clauses in leases and consumer financing documents . . . excluding bonds and warrants

of attorney accompanying mortgages . . . ." 314 F.Supp. at 1102. Taken alone, this language supports the position of the plaintiffs. This language should not, however, be thus wrenched out of the context of the *Swarb* litigation and apart from the per curiam opinion which immediately preceded the order.

In the principal hearing in *Swarb*, held on February 6, 1970, one of plaintiffs' witnesses testified about confession of judgment clauses in connection with mortgages.[4] The bulk of the testimony, though, dealt with consumer financing transactions, rather than real estate transactions. The plaintiffs nevertheless chose to rest their case.[5] In a subsequent meeting of counsel with the three-judge court on May 14, 1970, the court made clear to the plaintiffs that it thought they had failed to meet their burden of proof as to the validity of confession of judgment clauses in bonds and warrants of attorney.[6]

The per curiam opinion in *Swarb* reflects this thinking. "We find that plaintiffs have not sustained their burden of proof of the lack of valid consent to the confession of judgment procedure involved in the execution of bonds and warrants of attorney accompanying mortgages." 314 F.Supp. at 1098. Because of this failure, the court declared its intention to limit relief to persons other than those who had executed such

---

ever, affords no basis for relief. Plaintiffs allege no mistake, inadvertence, surprise or excusable neglect as regards the present case. Nor is plaintiffs' "newly discovered" evidence a reason for changing this court's order, because this evidence in no way pertains to *res judicata*, the issue involved in that order. Hence, we treat plaintiffs' motion as a motion under Rule 59(e).

2. "AND NOW, to wit, this 3rd day of January 1973, judgment is entered in favor of Defendants and against Plaintiffs without prejudice to the right of Plaintiffs to institute another action seeking a declaration that confession of judg-

ment clauses in bonds and warrants of attorney executed in consumer financing transactions are invalid."

3. Plaintiffs are described precisely in footnote 3 of the November 29 ruling.

4. Transcript of February 6, 1970, hearing at 99–111.

5. *Id.* at 161. Plaintiffs rested subject to being permitted to introduce later a study by David Caplovitz, Ph.D. This study was introduced at a later date, but it did not deal with mortgage transactions.

6. *See* Transcript of May 14, 1970, at 24–25.

bonds and warrants of attorney. *Id.* In no way did the court intimate that such persons were not properly before it. In contrast, the court did determine expressly that the plaintiffs in *Swarb* did not "fairly and adequately protect the interest of persons signing confession of judgment notes who have incomes of over $10,000." *Id.* at 1098–1099. Consequently, the final order must be interpreted not as excluding persons who had executed bonds and warrants of attorney from class membership, but as excluding them from the relief granted to persons who signed confession of judgment clauses in leases and consumer financing transactions.[7]

■ Plaintiffs also argue that this case should be disposed of on the merits because of its "great public concern."[8] First it must be pointed out that *res judicata* is not some procedural technicality; it is a doctrine designed to effect the sound public policy of putting an end to litigation. That *Swarb* and the present case involve class actions weighs in favor of, not against, applying *res judicata*: an obvious purpose of permitting class action is to bind the members of the class. Second, this court takes notice of the suit now pending in the Western District of Pennsylvania which challenges confession of judgment clauses in mortgage transactions.[9] Consequently, assuming arguendo that there is a public interest to be vindicated, it is not necessary that the present plaintiffs, who are represented by the same counsel who represented the plaintiffs in *Swarb*, have another day in court.

---

7. Plaintiffs apparently now contend that, despite the court's indications on May 14 and the wording of its opinion, the court in *Swarb* chose not to deal with the validity of confession of judgment clauses in bonds and warrants of attorney because there was not much evidence one way or the other. Such a position seems inconsistent with the rather basic premise that if there is a failure of proof, the party with the burden of proof (plaintiffs in this case) is not entitled to relief.

8. Plaintiffs' Brief in Support of Their Motion To Set Aside Findings and For A New Trial, at 18–19 (Document 71, filed January 12, 1973).

9. See Robert P. Mallon, et al. v. Eugene L. Coon, et al., Civil Action No. 70–503, Western District of Pennsylvania. The present class of plaintiffs includes only persons "who are or may be subject to execution of writs by the Sheriff of Philadelphia County . . . ." Complaint, ¶ 4(c).