Johnny STARR

v.

Adam GORSKI.

Civ. A. No. 107-73 Erie.

United States District Court,
W. D. Pennsylvania.

May 30, 1974.

Johnny Starr, pro se.

John McLaughlin, Erie, Pa., for defendant.

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

KNOX, District Judge.

This is the second suit which plaintiff has filed in this court much of it based upon dissatisfaction with the outcome of litigation in the Pennsylvania State Courts. The memorandum and order in the preceding case 12-73 Erie which was dismissed by order dated May 31, 1973, will be incorporated herein by reference.

The state litigation was an action for specific performance which ended with affirmance by the Supreme Court of Pennsylvania on October 19, 1972. Plaintiff thereupon filed a suit pro se at 12-73 Erie on February 14, 1973, being a civil rights action attacking the judge, litigants and parties involved in that case for violation of his civil rights. Every single count of that complaint was based upon alleged violation of constitutional rights. If anything was said about defendant Gorski's alleged malpractice, it was in the posture of violation of civil rights. Various defendants filed motions to dismiss the complaint for failure to state claims upon which relief can be granted and on May 31, 1973, the court granted the motion. (See Appendix I).

The court in its memorandum and order stated nothing with respect to an alleged malpractice action except to point out that there appeared to be no basis for a civil rights action or any other type of action. Particularly, it will be noted that with respect to a diversity action for malpractice the two necessary allegations that the plaintiff was a citizen of a different state from that of the defendant Gorski and that over $10,000 was in controversy were both omitted.

The present action was started November 30, 1973 being a diversity malpractice action against defendant Gorski, an attorney in the City of Erie. It is alleged that he was negligent in searching a title for plaintiff and also negligent in the handling of certain litigation. The previous memorandum and

order in 12–73 Erie merely held that Gorski as an attorney was not acting under the color state law and hence was not subject to a civil rights action. Hence, we have the question where a previous action is plainly labeled a civil rights action will plaintiff be permitted after dismissal to bring a second action against one of the same defendants on the grounds of malpractice as an attorney? Our answer is that this is proper. In Restatement of Judgments, Section 50, it is stated:

> "Where a valid and final personal judgment in favor of the defendant is rendered on the ground that the complaint is insufficient in law, the judgment is conclusive *as to the matters determined*, and if the judgment is on the merits the plaintiff cannot thereafter maintain an action on the original cause of action."

██ In this case, the malpractice action was not before the court at all. Since we are now confronted with a diversity action, the Pennsylvania law is to be given the utmost respect and Section 50 is in accordance with the decision of the Supreme Court of Pennsylvania. See Detrick v. Shirer, 95 Pa. 521 (1880). Comment "c" to Restatement 50 states:

> "If his complaint in the later action contains further allegations, the omission of which made the complaint in the first action demurrable, the judgment in the first action is not a bar to the second action, although (see Comment e) he has failed to avail himself of permission to amend."

Defendant calls attention to Rule 41(b) wherein the last sentence provides that a dismissal, unless the order specifies otherwise, operates as adjudication *upon the merits.*[1]

The question is what merits? We agree with the decision of Judge Weber of this court in Albright v. R. J. Reynolds Tobacco Co., 358 F.Supp. 341 (W.D. Pa.1972) where the fact that cancer was included in a claim in a prior case, which was settled, operated as res judicata in a later suit against someone else for the cancer. However, in Jamerson v. Lennox, 356 F.Supp. 1164 (E.D.Pa. three-judge court 1973) Judge Van Dusen, at page 1167, stated:

> "Res judicata does not, however, bar parties from bringing *subsequent suits on different causes of action.* Commissioner v. Sunnen, supra; Williamson v. Columbia Gas & Electric Corp., 186 F.2d 464, 467–70 (3d Cir. 1950); Restatement of Judgments 61–67 (1942); 1B J. Moore, Federal Practice ¶ 0.410 [1] (1965). Paragraph 24 of the complaint in this case alleges that mortgages are being used as a vehicle for financing consumer transactions, as well as real estate transactions. Because Swarb in no way involved this practice, plaintiffs are free to challenge the validity of the use of confession of judgment clauses in the bonds and warrants of attorney in connection with consumer transactions."

Defendant relies heavily upon Rinehart v. Lock, 454 F.2d 313 (7th Cir. 1971). While this case from a different circuit is not binding upon us, we do accord it the greatest respect. The Court quoted the traditional rule at length from Gould v. Evansville and C. R. R. Co. 91 U.S. 526, 23 L.Ed. 416 (1876) and Restatement Section 50.

> "The traditional general rule supports plaintiff's position. ' . . . it is equally well settled, that, if the plaintiff fails on demurrer in his first action from the omission of an essential allegation in his declaration which is fully supplied in the second suit, the judgment in the first suit is no bar to the second, although the respective actions were instituted to enforce the same right; for the reason that lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

---

1. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for

the merits of the case, as disclosed in the second declaration, were not heard and decided in the first action.' Gould v. Evansville and C.R.R. Co., 91 U.S. 526, 23 L.Ed. 416 (1876).

"Comment c, Sec. 50, Restatement, Judgments, supports the same proposition, illustrating as follows: 'Thus, if in an action for breach of contract a demurrer to the complaint is sustained on the ground that the plaintiff failed to allege consideration, he is not precluded from bringing a new action in which the complaint contains an allegation of consideration . . . '

"Arguably Rule 41(b), F.R.C.P., may have changed this rule where the earlier judgment, as in this case, was entered in a federal court. The Rule provides in part: 'Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.' "

■ The court went on to state that under Rule 41(b) the question remains a close one, and held that under 41(b) if the dismissal is general, i. e., without prejudice then it is res judicata as to then existing claim which it appears plaintiff was attempting to state. This seems to us decisive as to the case at bar because here the case which plaintiff is now seeking to state was not stated in his civil rights action. We must bear in mind that the plaintiff here is a layman proceeding pro se. In 12–73 Erie, he was attempting to state a claim under the Civil Rights Act. Now he is attempting to state a diversity claim for malpractice. We therefore hold that the dismissal in 12–73 is not res judicata upon the merits with respect to this separate claim which is now involved in 73–107 against defendant Adam Gorski.

### ORDER

And now, to wit, May 30, 1974, upon consideration of defendant's motion for summary judgment and for reasons set forth in the foregoing memorandum,

It is ordered that said motion be and the same hereby is denied. Defendant is required to file answer within 20 days from the date of this order.

### Appendix I

### ORDER

And now, to wit, May 31, 1973, upon consideration of the defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted and upon consideration of the briefs and arguments of plaintiff and of counsel for the defendants and it appearing to the court for reasons set forth in the foregoing opinion that the complaint completely fails to set forth a claim upon which relief can be granted,

It is ordered that the complaint in this case be and the same hereby is dismissed for failure to state a claim upon which relief can be granted.