**Elmer J. HOWE, Appellant,**

v.

**Eugene R. BROUSE, Appellee.**

**No. 19751.**

United States Court of Appeals, Eighth Circuit.

March 2, 1970.

Elmer J. Howe, pro se.

Thomas A. Sweeny, Kansas City, Mo., for appellee; Herbert C. Hoffman, Counselor, Kansas City, Mo., and Dan G. Jackson, III, Associate City Counselor, Kansas City, Mo., on the brief.

Before MATTHES, GIBSON and LAY, Circuit Judges.

PER CURIAM.

This is an appeal from an order of summary judgment issued by Judge William Collinson denying plaintiff Howe's suit for damages for violation of his civil rights under 42 U.S.C. § 1983.

Howe's complaint arises out of his allegation that while appearing in Division No. 2 of the Kansas City Municipal Court on June 6, 1964 on a misdemeanor charge of destruction of personal property of the value of $1.60, the presiding judge, Honorable Eugene R. Brouse, in the absence of the complaining witness, attempted to elicit the nature and circumstances of the case from Howe. When Howe refused to answer, Judge Brouse, according to Howe's allegation, subjected Howe to ridicule and a tirade of threats and abuse, demanding that Howe answer. Failing in that, Judge Brouse continued the case for one week when once again the complaining witness failed to appear. Judge Brouse dismissed the case and then assessed Howe $10 court costs to which Howe objected. Howe paid the court costs but appealed to the Circuit Court of Jackson County, Missouri, which Court ordered his $10 returned.

Howe then filed suit in the Jackson County Circuit Court alleging damages resulting from Judge Brouse's behavior

during Howe's court appearance. The suit was dismissed on motion of Judge Brouse on the grounds of judicial immunity and on the applicable statute of limitations; on appeal to the Missouri Supreme Court that decision was affirmed, Howe v. Brouse, 427 S.W.2d 467 (1968), the Supreme Court determining that none of the acts complained of, including the alleged excessive abuse and the assessment of court costs, though perhaps in error, was subject to suit for civil damages due to the doctrine of judicial immunity.

Howe then instituted suit in the United States District Court for the Western District of Missouri under 42 U.S.C. § 1983, alleging that Judge Brouse's behavior violated Howe's civil rights. Judge Collinson dismissed this action on summary judgment.

Judge Collinson in his memorandum opinion (not reported) noted the decision of the Missouri Supreme Court and stated that it was a correct application of the doctrine of judicial immunity. However, Judge Collinson rested his decision on the ground that having fully litigated this action in the state courts, the doctrine of res judicata applied and was a complete defense to Howe's attempt to institute this action in the federal courts. The judgment of the Missouri Supreme Court was conclusive on all matters which were or might have been litigated in that action. Norwood v. Parenteau, 228 F.2d 148 (8th Cir. 1955), cert. denied, 351 U.S. 955, 76 S.Ct. 852, 100 L.Ed. 1478 (1956) and Frazier v. East Baton Rouge Parish School Board, 363 F.2d 861 (5th Cir. 1966).

We believe Judge Collinson has applied the proper case law and we agree with his decision. Plaintiff, whether by design or inadvertence, chose to pursue his action in the state courts. All of his legal claims and allegations of fact were fairly considered. His case was dismissed and concluded on the legal ground of judicial immunity, thus accepting his version of the facts. He therefore has no legitimate complaint about his case

not being considered on its merits. He cannot reinstitute the same cause of action, against the same individual, based on the same array of facts, merely by changing legal theories and sovereignties. This is a classic case for the application of the doctrine of res judicata.

Judgment affirmed.