■ THE PEOPLE OF THE STATE OF NEW YORK v. NICHOLAS CONOMOS.— Motion to amend remittitur granted to the extent contained in the order of this court. Concur — McGivern, J. P., Markewich, Kupferman, McNally and Steuer, JJ.

## (June 10, 1971)

■ In the Matter of ROBERT M., a Person Alleged to be a Juvenile Delinquent, Appellant.— Order, Family Court of the State of New York, Bronx County, entered on April 1, 1971, unanimously modified, on the law, without costs and without disbursements, to the extent of dismissing the rape charge, and otherwise affirmed. The delinquency based on a finding of rape is insufficient as a matter of law. While we find sufficient corroborative evidence of the act itself, the record is devoid of corroboration of defendant's identification. (*People* v. *Shaw*, 158 App. Div. 146.) Corroborative evidence, whether consisting of acts or admissions, must be of such a character and quality as tends to prove the guilt of the accused by connecting him with the crime. The corroboration must extend to every material fact essential to constitute the crime. (*People* v. *Radunovic*, 21 N, Y 2d 186; *People* v. *Page*, 162 N. Y. 272, 274.) No evidence was offered to corroborate the complainant's identification of appellant as her assailant. There was no confession and no witness, except the complainant. The element of identification was based solely upon the complainant's own testimony. Consequently, the corroboration of the element of identification necessary to sustain the finding of delinquency insofar as it is based on the rape charge is absent from this record. This holding does not disturb the determination based on robbery, burglary, menacing and possession of a dangerous weapon, nor does it remit the commitment to Elmira Reformatory. Concur — Capozzoli, J. P., McGivern, Kupferman, McNally and Tilzer, JJ.