**LACKAWANNA POLICE BENEVO-LENT ASSOCIATION, Plaintiff-Appellant,**

v.

**Mark L. BALEN, Mayor of the City of Lackawanna, et al., Defendants-Appellees.**

**No. 1077, Docket 71–1558.**

United States Court of Appeals, Second Circuit.

Argued July 16, 1971.

Decided July 16, 1971.

Edward J. McGuinness, Lackawanna, N. Y., for plaintiff-appellant.

Chester Niscora, Asst. City Atty., Lackawanna, N. Y. (Samuel P. Simon, City Atty., of counsel), for defendants-appellees.

Before FRIENDLY, Chief Judge, and LUMBARD and OAKES, Circuit Judges.

PER CURIAM:

Section 208–d of the General Municipal Law of New York, McKinney's Consol.Laws, c. 24, enacted by Laws 1967, ch. 812, effective May 2, 1967, authorizes any member of a police force of a city to engage in extra work for another employer outside his regular hours of duty but sets a limit of 20 hours a week. After unsuccessful challenge to the constitutionality of this statute through the hierarchy of state courts, plaintiff brought this action in the District Court for the Western District of New York, seeking to enjoin enforcement of the limit provided by the statute as violating the Fourteenth Amendment rights of its members and asking for the convocation of a three-judge court. Feder-

al jurisdiction was asserted under 28 U. S.C. § 1343(3).

Chief Judge Henderson dismissed the complaint on the ground that the right to augment police salaries by outside work was not a "personal right" within the scope of the Civil Rights Act, citing as authority, binding upon him, this court's decision in Tichon v. Harder, 438 F.2d 1396 (2 Cir. 1971). While we do not quarrel with that view, the action should also have been dismissed on the ground properly asserted in the answer, see F.R.Civ.P. 8(c), that the state judgment was *res adjudicata*. Having lost in the state courts, plaintiff's remedy was to seek review by the Supreme Court. The Civil Rights Act, unlike federal habeas corpus, does not permit a second bite at the cherry. Howe v. Brouse, 422 F.2d 347 (8 Cir. 1970); Scott v. California Supreme Court, 426 F.2d 300 (9 Cir. 1970). We add for good measure that the constitutional challenge was unsubstantial and the complaint could properly have been dismissed on that ground also.

Affirmed.