Robert **MURRAY**, by his next friend and Law Guardian, Charles Schinitsky, Plaintiff,

v.

Russell G. **OSWALD**, Commissioner, New York State Department of Correction, et al., Defendants.

No. 71 Civ. 4495.

United States District Court, S. D. New York.

Oct. 29, 1971.

Charles Schinitsky, The Legal Aid Society, Brooklyn, N. Y., for plaintiff by

Michael Gage, Brooklyn, N. Y., of counsel.

Louis J. Lefkowitz, Atty. Gen. of N. Y., for Oswald and Damon by Samuel A. Hirshowitz, Robert S. Hammer, New York City, of counsel.

J. Lee Rankin, Corp. Counsel, for Wallace, by Stanley Buchsbaum, Eli Uncyk, New York City, of counsel.

GURFEIN, District Judge.

In a juvenile delinquency proceeding the plaintiff, Robert Murray, was found to have committed acts which, if committed by an adult, would constitute the crimes of robbery, burglary, menacing, possession of a dangerous weapon, and rape. On appeal to the Appellate Division, the finding with regard to rape was reversed; all other findings were affirmed. A three-year commitment to Elmira Reception Center, pursuant to Family Court Act § 758(b), was also affirmed. Matter of Robert M., 37 A.D.2d 527, 322 N.Y.S.2d 62 (1st Dept. 1971). The plaintiff, on his appeal to the Appellate Division, urged that he was denied his constitutional rights to due process and equal protection because he was committed to the adult penal facility at Elmira for three years without a jury trial.

The plaintiff then filed an appeal as of right to the New York Court of Appeals on the ground that the above-stated constitutional question was involved. The Corporation Counsel of the City of New York, representing the petitioners in the juvenile delinquency proceedings, moved to dismiss the appeal. The Court of Appeals granted the motion and dismissed on the ground that no substantial constitutional question was directly involved. Matter of Robert M., 29 N.Y.2d 649 (1971).

A motion for leave to appeal to the Court of Appeals was made by the plaintiff, and denied on September 23, 1971. Matter of Robert M., 29 N.Y.2d 484, 324 N.Y.S.2d 1030, 274 N.E.2d 313 (1971). No petition for a writ of certiorari to the Supreme Court of the United States has been made. Nor has an appeal been taken to that Court.

The plaintiff then filed an action in this Court under 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201–2202 seeking declaratory judgment and injunctive relief.

On October 15, 1971, the plaintiff served an order to show cause seeking the convening of a three-judge court and to enjoin temporarily the transfer of the plaintiff to Elmira Reception Center.

Since his arrest the plaintiff has been held in Spofford Juvenile Center, Bronx County.

The constitutional issues raised on this order to show cause arise under the due process and equal protection clauses. They are: (1) that the New York Family Court Act § 758(b) *as applied* to the plaintiff by denying him a jury trial and committing him for a three year term in Elmira Reception Center, a State correctional facility, is unconstitutional;[1] and (2) that the same section is unconstitutional *on its face* in that it permits the Family Court to try the plaintiff as a child but imprison him as an adult.

As we have seen, the plaintiff in the State Courts made the same constitutional point in his appeals to the Appellate Division and to the Court of Appeals. The Appellate Division specifically affirmed "the commitment to Elmira Reformatory" (37 A.D.2d 527, 332 N.Y.S.2d 62). In his counsel's affidavit for leave to appeal to the Court of Appeals after the dismissal of his appeal as of right, the plaintiff argued that "this case squarely presents the unanswered constitutional question of whether a fifteen-year-old juvenile committed for three years to Elmira Reception Center

---

1. New York Family Court Act § 758(b) reads in pertinent part:
 "(b) Upon an adjudication of delinquency of a person who is fifteen years of age at the time of the commission of any act which, if committed by an adult, would be a class A or a class B felony as defined in the penal law, commitment may be for males to Elmira reception center. * * *"

was denied equal protection of the law by being deprived of the right to a jury trial." That affidavit capsules the equal protection argument in the following terms:

"The combined logic of *Hogan*,[2] *Duncan*[3] and *Baldwin*[4] compel the conclusion that an Elmira sentence from Family Court must likewise be limited to a six-month maximum or, in the alternative, must be preceded by a jury trial. Otherwise there exists the constitutionally untenable situation of two youths side by side at Elmira— one just under sixteen who was sentenced by the Family Court without a jury trial and the other, just over sixteen, who was either afforded a jury trial in New York Supreme Court or who, if tried without a jury in Criminal Court, received no more than a six-month term.

The Family Court Act § 758, providing for an Elmira commitment for fifteen-year-olds found to have done acts amounting to class A or B felonies, is a violation of equal protection of the law in that it arbitrarily singles out one group of juveniles and subjects them to incarceration in a penal institution for a three-year period and denies to them the jury trial to which all other people similarly subjected to a penal sentence are entitled."

The due process argument was summarized in the plaintiff's brief to the Appellate Division in these terms: "to impose a clearly penal sanction of this severity upon appellant without according him an essential safeguard of criminal proceedings [jury trial] is a palpable due process violation." The same argument was renewed before the Court of Appeals in counsel's Affirmation in Opposition to the motion to dismiss, where it was argued that the penal sanction distinguished this case from McKeiver

v. Pennsylvania, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971).

It will be seen that the same constitutional points here raised were actually considered in the State Courts and decided, upon the merits, adversely to the plaintiff. This Court, in effect, is now being asked to usurp the function of the Supreme Court of the United States and to exercise an appellate jurisdiction over the New York Court of Appeals in this civil action brought under the Civil Rights Statute and Declaratory Judgment Act (42 U.S.C. § 1983 and 28 U.S.C. § 2201 and § 2202). See Frazier v. East Baton Rouge Parish School Board. 363 F.2d 861 (5 Cir. 1966).

 The doctrines of merger, bar and collateral estoppel are applicable even where prior State determinations of Federal constitutional issues are involved. American Surety Co. v. Baldwin, 287 U.S. 156, 166, 53 S.Ct. 98, 77 L.Ed. 231 (1932); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–416, 44 S. Ct. 149, 68 L.Ed. 362 (1923). The fact that these issues are now raised in a civil suit for declaratory and injunctive relief under 42 U.S.C. § 1983 and 28 U.S. C. §§ 2201–2202 does not debilitate the res judicata effects of the State determination. Goss v. Illinois, 312 F.2d 257, 259 (7 Cir. 1963).

 Since there can be no relitigation of the issues and there is no appellate jurisdiction in this Court, the plaintiff is without remedy in this civil action. His direct relief lay in seeking review of the judgment of the New York Court of Appeals in the Supreme Court.

It may seem anomalous that although this Court has already said that the plaintiff's treatment raises a substantial constitutional question, see Respress v. Ferrara, 321 F.Supp. 675, 677–678 (S. D.N.Y.1971) (three-judge court), which we deliberately refrained from deciding

2. Hogan v. Rosenberg, 24 N.Y.2d 207, 219–221 [299 N.Y.S.2d 424, 247 N.E.2d 260] (1969).

3. Duncan v. Louisiana, 391 U.S. 145 [88 S.Ct. 1444, 20 L.Ed.2d 491] (1968).

4. Baldwin v. New York, 399 U.S. 66 [90 S.Ct. 1886, 26 L.Ed.2d 437] (1970).

in deference to the State Courts, we now say that the same issue, after full exhaustion in the State Courts, is still not within our jurisdiction. The answer is that Judge Friendly in *Respress* particularly noted that if all should go badly for that plaintiff in the New York Courts "there remains the Supreme Court review which proved so effective in Baldwin v. New York [399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437]" (321 F. Supp. at 681). That the plaintiff here has not sought review by the Supreme Court leaves him estopped from relitigating the issues.

That does not mean that the plaintiff is entirely without remedy. Assuming that a petition for a writ of habeas corpus would not be premature, see Peyton v. Rowe, 391 U.S. 54, 88 S. Ct. 1549, 20 L.Ed.2d 426 (1968) and United States ex rel. Schonbrun v. Commanding Officer, 403 F.2d 371, 373 (2 Cir. 1968), cert. denied, 394 U.S. 929, 89 S.Ct. 1195, 22 L.Ed.2d 460 (1969), the relief he seeks should be available to the plaintiff by that means. In habeas corpus, the defense of res judicata is not available. Brown v. Allen, 344 U.S. 443, 506–508, 73 S.Ct. 397, 97 L.Ed. 469 (1953). And the failure to seek review in the Supreme Court is no longer fatal to a claim that State remedies have been exhausted. See Fay v. Noia, 372 U.S. 391, 435, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

The State here contends that if the plaintiff is placed in a training school for boys he might corrupt the other boys and destroy the school's usefulness in rehabilitation. There can be little doubt that a boy of fifteen may be as precocious in the field of criminality as another might be in better fields of endeavor. And it may be that the State may have compelling reasons for segregating this fifteen year old from others of that age group less hardened in deviant adult ways. The plaintiff contends that this is not the issue but rather that, if the State must pursue such a policy, it may not do so at his expense by depriving him of a trial by jury. The issue as framed could be the subject of a habeas corpus proceeding.[5]

Collateral estoppel precludes the plaintiff, however, from raising a substantial constitutional issue in this civil action. Accordingly, the motion to convene a three-judge court is denied, as is the request for a temporary restraining order.

The foregoing shall constitute the Court's findings of fact and conclusions of law under Rule 52(a) of Fed.R.Civ.P.

---

5. If plaintiff's claims are pursued by habeas corpus, the need for a three-judge court will clearly be obviated. United States ex rel. Laino v. Warden, 246 F. Supp. 72, 92 n. 16 (S.D.N.Y.1965), aff'd. 355 F.2d 208 (2 Cir. 1966). Accordingly, even if this Court was to construe this action as a habeas petition, plaintiff's motion would have to be denied.