**Willie JOHNSON, Plaintiff-Appellant,**

v.

**DEPARTMENT OF WATER AND POWER OF the CITY OF LOS ANGELES, a Municipal Corporation, et al., Defendants-Appellees.**

No. 71-1671.

United States Court of Appeals,
Ninth Circuit.

Oct. 11, 1971.

Rehearing Denied Nov. 4, 1971.

Willie Johnson, in pro per.

Gilbert W. Lee, Deputy City Atty., Roger Arnebergh, City Atty., Edward C. Farrell, Chief Asst. City Atty., Ralph Guy Wesson, Asst. City Atty., Los Angeles, Cal., for appellees.

Before CARTER, KILKENNY and CHOY, Circuit Judges.

PER CURIAM:

Willie Johnson appeals from a District Court order dismissing his action under the Civil Rights Acts, 42 U.S.C. § 1981

et seq., with prejudice. The court dismissed the complaint on a variety of grounds, including failure to state a claim under the Acts upon which relief could be granted, the statute of limitations, and res judicata. Since we may affirm on any ground which finds support in the record, Rizal Commercial Banking Corp. v. Putnam, 429 F.2d 1112, 1115 (9th Cir., 1970), we need go no further than to agree that appellant's present action is barred by res judicata.

The facts which appellant alleges in his present complaint, including all the operative facts which give rise to the assertion of liability, are identical with those which have been the subject of three separate actions in the California state courts, one of which was voluntarily dismissed and two of which resulted in final judgment adverse to appellant. The Civil Rights Act affords a remedy defined by federal statute and redressable in the federal courts. But where, as here, the same facts have been the subject of state actions and final judgments have been entered there, the principle of res judicata applies.

Appellant chose to pursue his remedies through the state administrative and judicial systems. He neglected to file his remedial action before the Board of Civil Service Commission until the statute of limitations had tolled. Nevertheless, he received a hearing and a rehearing. The subsequent state court adjudication was not based solely upon the statute of limitations issue, but proceeded to hold independently that appellant's complaint did not indicate any actions of fraud, deceit, or misrepresentation by the defendants resulting in his termination. Appellant had every opportunity to present his side of the case in the state courts.* He cannot now reinstitute the same cause, against the same defendants, based on the same facts, by merely changing his legal theory and crossing from the state to the federal courthouse. Taylor v. New York City Transit Authority, 433 F.2d 665 (2d Cir., 1970); Howe v. Brouse, 422 F.2d 347 (8th Cir., 1970).

The dismissal of the complaint is affirmed.

---

\* Compare Whitner v. Davis, 410 F.2d 24 (9th Cir., 1969), in which we held that an adverse state judgment based solely on the plaintiff's intentional failure to exhaust her state administrative remedies was not res judicata in a section 1983 action.