**Leroy RUSSELL, Plaintiff,**

v.

**Hon. Donald H. MONROE, Chemung County Court Judge, Individually, and as County Court Judge, et al., Defendants.**

**Civ. No. 1972-576.**

United States District Court, W. D. New York.

Nov. 9, 1972.

Betty D. Friedlander, Waverly, N. Y., for plaintiff.

John F. O'Mara, pro se.

CURTIN, District Judge.

The complaint in this action alleges the following facts. On July 12, 1971, the plaintiff was indicted for the crimes of selling and possessing a dangerous drug. His trial on the charges commenced in Chemung County Court on January 4, 1972 and ended in a mistrial on January 11, 1972 when the jury failed to agree upon a verdict. Thereafter, on February 29, 1972, the plaintiff moved in the County Court for an order requiring that he be provided with a free transcript of his trial on the ground that he was indigent. On May 23, 1972, the court denied the request for the complete transcript, but it ordered that the plaintiff be provided with a copy of his own testimony, which the Chemung County District Attorney had already obtained. Pursuant to Article 78 of the New York Civil Practice Law and Rules, the plaintiff then applied to the Appellate Division, Third Department, 40 A.D.2d 615, 335 N.Y.S.2d 677 for an order prohibiting his retrial without his first being provided with the complete transcript of his previous trial. On September 12, 1972, the court

denied the application, although it suggested that the County Court reconsider its denial with respect to three prosecution witnesses. (Subsequently the County Court ordered that the plaintiff be provided with a copy of the testimony of the three witnesses mentioned in the Appellate Division's decision.) On November 1, 1972, the Court of Appeals denied the plaintiff's application for an order staying his retrial pending appeal of the decision of the Appellate Division. The retrial is scheduled to commence on November 14, 1972.

On November 6, 1972, the plaintiff instituted the instant action in which he seeks a declaration that he is entitled to a free complete transcript of his previous trial and an injunction prohibiting his retrial until he is given the transcript. He alleges that the failure of the defendants to provide him with the transcript violates the Equal Protection Clause of the Fourteenth Amendment and consequently 42 U.S.C. § 1983.[1] This court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1343(3) and 2201. By motion brought on by an order to show cause signed November 6, 1972, the plaintiff seeks a preliminary injunction barring commencement of his retrial until he is given the transcript he demands. On November 8, 1972, the court heard argument on the motion from counsel for the plaintiff and from the defendant District Attorney of Chemung County. Both attorneys agreed that the facts stated in the plaintiff's complaint were accurate, and neither indicated that a hearing was necessary on the motion.

Citing Britt v. North Carolina, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971), the plaintiff argues that because of his indigency he is entitled to a free complete transcript of his previous trial to aid in preparation for the retrial.[2] Conceding that "[p]laintiff's constitutional claim is by no means unimpressive," Respress v. Ferrara, 321 F.Supp. 675, 677 (S.D.N.Y.1971), the court nevertheless believes that his motion for a preliminary injunction must be denied and his complaint dismissed.

First, federal interference with the state's prosecution of the plaintiff would be improper under the principles of comity enunciated in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L. Ed.2d 669 (1971). Although it is now established that a federal court in a suit alleging a violation of the Civil Rights Act, 42 U.S.C. § 1983, may grant an injunction to stay a proceeding pending in a state court, see Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972), a federal court should intervene in a pending state court prosecution only in certain exceptional circumstances which are not present in the instant case. The plaintiff has not shown irreparable injury which is "both great and immediate" in the sense that "the threat to [his] federally protected rights . . . cannot be eliminated by his defense against a single criminal prosecution." Younger v. Harris, *supra*, 401 U.S. at 46, 91 S.Ct. at 751. Nor is he being prosecuted under a state law which is "flagrantly and patently violative of express constitutional prohibitions." *Id.* at 53, 91 S.Ct. at 755. Finally, the instant case does not involve

---

1. The complaint also alleges a violation of 42 U.S.C. § 1985, but it does not contain the factual allegations required to state a claim upon which relief can be granted. *Compare* Griffin v. Breckenridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

2. Plaintiff's main reason for demanding a complete transcript is that his defense at the first trial was based upon the testimony of nine alibi witnesses who claim that they spent the evening of the alleged crime with defendant in Syracuse. It is plaintiff's claim that this testimony was detailed and complicated and that he cannot prepare for trial without a transcript of these witnesses' testimony. Two other defense witnesses who were near the scene when the crime occurred stated that defendant was not in the area of the crime.

"harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction." Perez v. Ledesma, 401 U.S. 82, 85, 91 S. Ct. 674, 677, 27 L.Ed.2d 701 (1971). Although Younger v. Harris, *supra*, 401 U.S. at 54, 91 S.Ct. at 755, refers to "other unusual circumstances that would call for equitable relief," the court does not believe that the instant case presents such circumstances. The injunctive remedy being improper here, declaratory relief is also inappropriate. *See* Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971).

A second, even more fundamental, reason for denying the plaintiff's motion and dismissing his complaint lies in the doctrine of res adjudicata. The plaintiff appealed the denial of his motion by the Chemung County Court through the Appellate Division to the Court of Appeals. Having lost in the state courts, his remedy was to seek review by the United States Supreme Court rather than to attempt to relitigate the issues in a suit in this court under the Civil Rights Act. *See* Lackawanna Police Benevolent Ass'n v. Balen, 446 F.2d 52 (2d Cir. 1971); Murray v. Oswald, 333 F.Supp. 490 (S.D.N.Y. 1971). As was stated in Lackawanna Police Benevolent Ass'n v. Balen, *supra,* 446 F.2d at 53, "[t]he Civil Rights Act, unlike federal habeas corpus, does not permit a second bite at the cherry." Of course, if the petitioner is convicted upon his retrial, he will be able to challenge the validity of his conviction by a petition for a writ of habeas corpus, *see* United States ex rel. Wilson v. McMann, 408 F.2d 896 (2d Cir. 1969), for in a habeas corpus proceeding the defense of res adjudicata is not available. *See* Brown v. Allen, 344 U.S. 443, 506–508, 73 S.Ct. 397, 97 L.Ed. 469 (1953). On this point, compare Murray v. Oswald, *supra,* with United States ex rel. Murray v. Owens, 341 F.Supp. 722, 723 (S.D.N. Y.1972).

The plaintiff's motion for a preliminary injunction is denied, and his complaint is dismissed. Judgment in favor of the defendants shall be entered forthwith. This court shall not grant any temporary relief to the plaintiff staying the trial now scheduled for November 14, 1972. Any application for such relief should be made to the Court of Appeals.

So ordered.