**Cliff W. SCHMIDT, Individually and as President of the Nassau County Patrolmen's Benevolent Association and the Nassau County Patrolmen's Benevolent Association, Plaintiffs,**

v.

**Louis J. FRANK, Commissioner of Police of the County of Nassau and the Police Department of the County of Nassau, Defendants.**

**No. 74 C 314.**

United States District Court, E. D. New York.

April 23, 1974.

Richard Hartman, Mineola, N. Y., for plaintiffs.

Joseph Jaspan, County Atty., Nassau County, Mineola, N. Y., Louis Schultz, Deputy County Atty., for defendants.

MEMORANDUM and ORDER

COSTANTINO, District Judge.

In this action the plaintiffs seek declaratory and injunctive relief to prevent the defendant Nassau County Police Department from enforcing Rule 22 of Article VIII of the Rules and Regulations of the Nassau County Police Department. The rule establishes grooming standards for haircuts, sideburns, mustaches, beards and goatees.

The threshold issue to be decided is whether prior state adjudication is *res judicata* of the present issues. In 1972 the former president of the Nassau County Patrolmen's Benevolent Association commenced a suit in Supreme Court, Nassau County to have Rule 22 declared unconstitutional. The action was dismissed. Matter of Greenwald v. Frank, 70 Misc.2d 632, 334 N.Y.S.2d 680 (Sup.Ct.1972) (McCaffrey, J.). The Appellate Division, Second Department modified the trial court decision by ordering that Rule 22 be adjudged valid. Matter of Greenwald v. Frank, 40 A.D.2d 717, 337 N.Y.S.2d 225 (2d Dep't 1972). The Appellate Division reasoned that

> The rationale of the modest regulation in question, concerning personal appearance, setting forth rules as to haircuts, sideburns, mustaches and beards, is that there should be neatness and discipline in a large quasi-military organization such as the Nassau County Police Department so that the general public will have respect for the members of the Department. In our opinion this regulation does not raise issues which rise to the dignity of constitutional questions.

*Id.* at A.D.2d 717, 337 N.Y.S.2d 226. The New York Court of Appeals unanimously affirmed the determination of the Appellate Division. Matter of Greenwald v. Frank, 32 N.Y.2d 862, 346 N.Y.S.2d 529, 299 N.E.2d 895 (1973).

A similar case was subsequently commenced by the present president of the Nassau County Patrolmen's Benevolent Association in the Supreme Court, Nassau County. It covered the same subject matter—once again attacking the constitutionality of Rule 22. On February 13, 1974, Justice Paul Kelly applying the doctrine of *stare decisis* dismissed the

action. Plaintiffs then initiated the present federal action.

■ Apparently the impetus for this suit was the recent case of Dwen v. Barry, 483 F.2d 1126 (2d Cir. 1973), wherein the Second Circuit rejected an analogy of a police officer to a soldier, and held that a substantial constitutional issue was raised by the regulation of a policeman's hair length. Unfortunately the disparity that exists between the *Greenwald* and *Dwen* cases cannot be resolved in this action. Since the action was commenced in the New York courts where all the issues now raised were fully considered and since an adverse decision was rendered on the merits, the plaintiffs are barred from continuing this action.

■■ It is well settled that in cases arising under the United States Constitution state courts enjoy concurrent jurisdiction with federal courts. Claflin v. Houseman, 93 U.S. 130, 23 L.Ed. 833 (1876). *See also* Charles Dowd Box Co., Inc. v. Courtney, 368 U.S. 502, 507–508, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962). Therefore once the matter is conclusively litigated in a state court between the same parties it cannot be relitigated in a federal court. Johnson v. Department Of Water And Power, 450 F.2d 294 (9th Cir. 1971); Taylor v. New York City Transit Authority, 433 F.2d 665, 668 (2d Cir. 1970); Murray v. Oswald, 333 F.Supp. 490 (S.D.N.Y.1971). *See also* Whitner v. Davis, 410 F.2d 24 (9th Cir. 1969). The fact that a party may change the nomenclature of his suit when he comes to a federal court has no import. Johnson v. Department Of Water And Power, *supra*; Howe v. Brouse, 422 F.2d 347 (8th Cir. 1970); Murray v. Oswald, supra. The plaintiffs are therefore without remedy in this civil action.

Accordingly the action is dismissed.

The foregoing opinion shall constitute the court's findings of fact and conclusions of law, as required by Fed.R.Civ.P. 52(a).