Donald D. BAILEY, Plaintiff,

v.

INTERNAL REVENUE SERVICE
and United States of America,
Defendants.

No. CV 98–123 TUC JMR.

United States District Court,
D. Arizona.

Jan. 27, 1999.

348

Donald D. Bailey, Tucson, AZ, pro se.

Michael A. Johns, U.S. Attorney's Office, Phoenix, AZ, for defendant.

### *ORDER*

ROLL, District Judge.

On July 16, 1998, Plaintiff filed his second amended complaint pursuant to 28 U.S.C. § 1331. This matter was referred to Magistrate Judge Terlizzi for report and recommendation pursuant to the Local Rules of this Court. On December 7, 1998, Judge Terlizzi filed a report and recommendation. Thereafter, Plaintiff filed objections to Judge Terlizzi's report and recommendation on January 4, 1999. Therein, he again attempted to explain his previous failure to notice the alleged fraud.

Following independent review,

**IT IS HEREBY ORDERED** that the Magistrate Judge's report and recommendation filed December 7, 1998, is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss Plaintiff's amended complaint is **GRANTED**. Plaintiff's second amended complaint is dismissed without leave to amend because res judicata renders any attempt to amend futile and Plaintiff has been given an opportunity to amend his complaint, yet has failed to articulate a valid claim.

### REPORT AND RECOMMENDATION

TERLIZZI, United States Magistrate Judge.

Pending before the Court are Defendants' Motion to Dismiss Amended Complaint ("Motion") and Plaintiff's Opposition ("Opposition").[1] Defendants did not file a Reply.

*BACKGROUND*

The following facts were taken from Plaintiff's Amended Complaint, Defendants' Motion to Dismiss and associated attachments.[2] Plaintiff is a Certified Public Accountant with over 20 years of experience. (Motion, Ex. 2 at 1, 5.) In 1991 and 1992, he prepared tax returns and performed other accounting work for clients James N. and Susan K. Pierce, who had an ownership interest in a video store. (Ex. 2 at 1.) Based on updated information from his clients, Plaintiff filed amended returns for 1987 and 1988 for both employment taxes and income taxes. (*Id.* at 2–3.) The government apparently refunded some money, but disallowed the Pierces' amended 1040X for 1987 because it was allegedly filed in January 1992, more than three years after the April 15, 1988, due date. (*Id.* at 3.) Although it disallowed the amended return, the IRS determined that Plaintiff was nonetheless liable for violations of the Internal Revenue Code and penalized him $10,000, pursuant to 26 U.S.C. § 6701, for aiding and abetting the understatement of the Pierces' individual federal income tax due for the year 1987. (*Id.*)

Pursuant to 26 U.S.C. § 6703(c)(1), Plaintiff paid 15 percent of the fine ($1,500) and filed a claim for refund within 30 days. (Motion, Ex. 1 at 1.) The government later reduced the amount assessed to $1,000 and, upon information and belief, refunded the extra $500 he had already paid. (Motion at 11, fn 6.) Plaintiff's claim for refund was denied. (Motion, Ex. 1 at 1.)

In 1995, Plaintiff sued the IRS in *Donald D. Bailey v. United States,* CV 95–267–TUC–RMB (D.Ariz.) to recover the $1,000 penalty. (*Id.*) Both parties agreed there were no issues of material fact and moved for summary judgment. (Motion, Ex. 2 at 1, 3.) Among other things, Plaintiff claimed that he could not be penalized under § 6701 for an amended return that was precluded for untimeliness by § 6511. (Motion, Ex. 2 at 4.) Summary judgment was granted in Defendants' favor on April 11, 1996. (*Id.* at 9.) Plaintiff appealed the judgment to the Ninth Circuit Court of Appeals, which affirmed the District Court's decision. (Motion at 2, ¶ 5.) The parties did not inform the Court of the date on which the appeal was decided.

*STATEMENT OF THE CASE*

The present action was filed on March 16, 1998. Plaintiff claims that in the previous action, "the Internal Revenue Service manufactured and altered documents which the Internal Revenue Service used to perpetrate fraud on the Court and on the Plaintiff." (Amended Complaint at 1.) Plaintiff claims that the Pierces' original 1987 return was prepared and signed on July 1, 1988, by another CPA, Lawrence Dembowski, signed by the Pierces on July 15, 1988, and received by the IRS on July 18, 1988. (*Id.* at 1–2.) Plaintiff provides an allegedly "unaltered" copy of the first two pages of that original return as Exhibit A to his Amended Complaint. Plaintiff alleges that the copy which was produced in the prior action by the IRS, however, was altered and forged, and provides it here as Exhibit C to the Amended Complaint. Exhibit C is marked "CLIENT COPY" and appears to be the first two pages of the Pierces' copy of the original 1040 tax return form for 1987.

Plaintiff claims that the Pierces' amended 1987 return that was prepared by him was signed by them on April 3, 1991, and was sent to the Ogden, Utah IRS Center. (Amended Complaint, Ex. D.) The alleged fraudulent form, which Plaintiff concedes forms the sole basis for this action, is stamped received by the Ogden Service Center on January 3, 1992, the same date that appears next to what are supposedly the Pierces' signatures. (Amended Complaint, Ex. C; Opposition at 3, ¶ 2(c).) Plaintiff claims that he did not prepare that document nor mail it to the Ogden Service Center.

---

**1.** In its discretion the Court concludes that the parties' briefs are a sufficient basis on which to decide the motion. Oral argument is not necessary under these circumstances.

**2.** In his Opposition, Plaintiff did not object or disagree with Defendants' basic version of the factual background unless otherwise noted.

(Opposition, Ex. A.) The Pierces claim that they did not sign the document on January 3, 1992. (Amended Complaint, Ex. E.)

Plaintiff alleges that the signatures were not made by the Pierces and the dates next to the signatures were changed to January 3, 1992, by unknown persons at the IRS in order to make the amended return fall outside the statute of limitations for an amendment, and to impose § 6701 penalties on him. (Amended Complaint at 3, ¶ 4.) He claims that these actions violated his Fifth, Sixth and Fourteenth Amendment rights by depriving him of his property without due process of law, prohibiting him from receiving a fair trial, and violating his right to due process, respectively. (*Id.* at 1.) The claims of Constitutional violations give this Court federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Plaintiff claims that he was "wrongfully fined $1,000." (Amended Complaint at 3.) He seeks $1,000, attorney's fees paid in the previous action, costs of Court in this action and any further relief to which he might be entitled. (*Id.*) He argues that the $1,000 he seeks constitutes "damages," not a refund of his penalty, and that he is not asking the Court to set aside the prior judgment. (Opposition at 2, 4.)

In the Motion to Dismiss, Defendants argue that Plaintiff is attempting to relitigate the prior action, which is now barred by *res judicata;* that the allegedly forged documents do not overcome the bar of *res judicata;* that sovereign immunity bars this suit against the IRS; that the Court lacks subject matter jurisdiction; that the action is beyond the statute of limitations period for challenges to tax penalties pursuant to 26 U.S.C. § 6532; and that Plaintiff fails to state a claim upon which relief can be granted.

Defendants claim that Plaintiff is being "less than truthful" and "disingenuous" in his representations regarding Exhibit C. (Motion at 3, fn. 3.) They argue that in the prior action, the Court found (and Plaintiff agreed) that the Pierces' amended 1987 return, which was prepared by him, was filed in January 1992. (*Id.*) They assert that Exhibit C appears merely to have been submitted in January 1992 in connection with the amended

return that Plaintiff prepared. Defendants argue that whatever information the alleged client copy of the original 1987 Form 1040 prepared by Dembowski contained, it was not that form that was the basis for the penalties imposed on Plaintiff, but the amended return prepared by Plaintiff. (Motion at 3, fn. 3.)

## STANDARD FOR MOTION TO DISMISS

A motion to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) should not be dismissed unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754 (9th Cir.1994). Thus, the Court must view the complaint in the light most favorable to the nonmoving party, with every doubt resolved in its behalf, and with that party's allegations taken as true. *Abramson v. Brownstein,* 897 F.2d 389, 391 (9th Cir.1990). The court need not accept, however, legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg,* 18 F.3d at 754–55.

In addition, when considering the pleadings filed by a *pro se* civil rights litigant, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim–Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Although *pro se* pleadings are liberally construed, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pleaded. *Ivey v. Board of Regents of the Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir.1982). Similarly, conclusory allegations unsupported by sufficient factual allegations do not state a claim upon which relief can be granted. *Id.*

## DISCUSSION

Defendants characterize this action as a subsequent suit for refund of the $1,000 penalty assessed against Plaintiff by the IRS

and upheld in the prior federal court challenge, with one additional allegation (fraud), which should have been raised in the prior litigation because it is based on a document used in the prior action.

Plaintiff argues that he is not attempting to relitigate the prior action and is not requesting the Court to set aside its prior judgment, but is bringing this action as an independent cause. He agrees that the sole basis for his current Complaint is the alleged forged or altered document used in prior proceedings. The issue of forgery or alteration of the document was not raised in the prior action until the appeal, when it was disallowed as not having been raised at the trial court. Plaintiff claims that he is not making a claim for refund, but a new and independent claim for damages resulting from the fraud and constitutional violations by federal officials. The amount of damages he claims he suffered is $1,000, the exact amount which he was "wrongfully fined" in the prior action, plus attorney fees from that action, and court costs from this action.

## I. RES JUDICATA

■ The federal courts have traditionally adhered to the related doctrines of *res judicata* (claim preclusion) and collateral estoppel (issue preclusion). Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been* raised in that action. *See Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980) (emphasis added); *see also Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201 (9th Cir.1982); *Barassi v. Matison,* 134 Ariz. 338, 340, 656 P.2d 627, 629 (App.1982). Courts have often recognized that *res judicata* relieves parties of the cost and vexation of multiple lawsuits, conserves judicial resources and, by preventing inconsistent decisions, encourages reliance on adjudication. *Allen,* 449 U.S. at 94, 101 S.Ct. at 415. The doctrine, judicial in origin, rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. *See Commissioner of Internal Revenue v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898, 905 (1948).

■ For a prior judgment to bar action on the basis of *res judicata,* the parties must be identical in both suits, the prior judgment must have been rendered by a court of competent jurisdiction, there must have been a final judgment on the merits and the same cause of action must be involved in both cases. *See United States v. Shanbaum,* 10 F.3d 305, 310 (5th Cir.1994); *see also Hawkins v. Arizona Dept. of Economic Security,* 183 Ariz. 100, 103, 900 P.2d 1236, 1239 (App. 1995) (state law applies same criteria). There is no question that the parties in this case are identical, that the prior judgment was rendered by a court of competent jurisdiction (this one, based on statutory dictates), and that there was a final judgment on the merits in the prior action (affirmed by the Ninth Circuit Court of Appeals). What is in question is whether this is the same cause of action.

■ That the question involved in this action, the alleged fraudulence of a certain document used in the prior action, was not actually litigated in the prior action does not necessarily make it a new cause of action and except it from the *res judicata* bar. *See Costantini,* 681 F.2d at 1201. The *res judicata* doctrine bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action. *Id.*

Plaintiff has alleged new facts and has changed his legal theories from the erroneous imposition of tax penalties based on the Internal Revenue Code to the erroneous imposition of tax penalties based on fraud and constitutional violations. He claims that because a document used in the prior action to support Defendants' case was fraudulent, he deserves "damages" in the amount he was penalized. He claims that *res judicata* does not apply because the issue of fraud was not decided and "could not have been raised" in the prior action. He claims that this is an "independent action" and is therefore not the same cause of action.

■ The Ninth Circuit approaches the crucial question of whether successive lawsuits involve a single cause of action by ap-

plying several criteria: 1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; 2) whether substantially the same evidence is presented in the two actions; 3) whether the two suits involve infringement of the same right; and 4) whether the two suits arise out of the same transactional nucleus of facts. *Costantini*, 681 F.2d at 1201–1202 (citation omitted). The last of these criteria is the most important. *Id.*

Although Plaintiff claims that he is not seeking to set aside the prior judgment, if this Court found that the prior judgment was reached relying on a fraudulent document and awarded Plaintiff damages equal to the penalty amount plus his attorney fees incurred in the prior action, rights or interests established in the prior judgment would be "destroyed or impaired." For example, the IRS' freedom from liability for the imposition of statutory penalties, established by the prior action, would be compromised. The very same document Plaintiff claims is fraudulent was used as evidence in the prior action.

Plaintiff claims that the rights allegedly infringed in this action are his right not to lose property without due process, the right to a fair trial, and the general 14th Amendment right to due process, as a result of fraud by Defendants in prior proceedings. As Plaintiff argues that he was "wrongfully fined" in the prior proceeding, in essence he is claiming that the prior imposition of penalties on him by the IRS was the wrong that must be redressed. The only difference is that he now alleges that the imposition of penalties was based on fraud rather than erroneous application of the tax code. Although the legal theories have changed, and he claims that different rights were infringed, the ultimate harm he allegedly suffered was the "wrongful" outcome of the prior proceeding, by whatever means it was achieved. As to the fourth criteria, both of Plaintiff's lawsuits arise out of the same "transactional nucleus of facts:" Plaintiff filed tax returns that were found to have underestimated the amount of tax owed by his clients and penalties were imposed against him. The only factual difference is that Plaintiff

claims to have unearthed falsehood in one document he says was used to support the penalties imposed against him. This "new evidence," however, was available to Plaintiff in previous proceedings.

As mentioned above, a mere change in legal theory does not imply a new cause of action. *See Scoggin v. Schrunk*, 522 F.2d 436, 437 (9th Cir.1975), *cert. denied*, 423 U.S. 1066, 96 S.Ct. 807, 46 L.Ed.2d 657 (1976). *Res judicata* bars assertion of every legal theory that might have been raised in first action: a party "is not permitted to fragment a single cause of action and to litigate piecemeal the issues which could have been resolved in one action." *Id.* It is well settled that one who has a choice of more than one remedy for a given wrong may not assert them serially, in successive action, but must advance all at once on pain of bar. *See Langston v. Insurance Company of North America*, 827 F.2d 1044, 1046 (5th Cir.1987), *quoting Nilsen v. City of Moss Point, Mississippi*, 701 F.2d 556, 559–560 (5th Cir. 1983). In *Nilsen*, the Fifth Circuit Court of Appeals adopted the transactional test outlined in the Restatement (Second) of Judgments, which states:

> "Transaction may be single despite different harms, substantive theories, measures or kinds of relief.... That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims. This remains true although the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief."

Restatement (Second) of Judgments (1980), § 24 at comment c.

■ "The law of *res judicata* now reflects the expectation that parties who are given the capacity to present their 'entire controversies' shall in fact do so." *Id.*, comment a. The drafters of the Restatement offer this illustration: a party having causes of action sounding in both tort and contract arising from the same event must assert both claims in a single suit or extinguish forever the claim not raised. *Langston*, 827 F.2d at

1047. A party may not revive previously litigated causes of action by raising a constitutional claim it was aware of, or should have been aware of, but failed to raise in a prior proceeding. *See City Communications, Inc. v. City of Detroit,* 888 F.2d 1081, 1091 (6th Cir.1989). As the Ninth Circuit put it, a plaintiff cannot reinstitute the same cause, against the same defendants, based on the same facts, by merely changing his legal theory to civil rights violations and crossing from the state to the federal courthouse. *Johnson v. Dept. of Water and Power of the City of Los Angeles,* 450 F.2d 294, 295 (9th Cir.1971).

■ Once a judgment has been entered by a court of general jurisdiction, a presumption of regularity attaches to the judgment, which may not be collaterally attacked unless it is void. *See Sonya C. By and Through Olivas v. Ariz. School for the Deaf & Blind,* 743 F.Supp. 700, 709 (D.Ariz.1990). The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment. *See Commissioner of Internal Revenue v. Sunnen,* 333 U.S. at 597, 68 S.Ct. at 719.

## II. *FRAUD AGAINST PLAINTIFF, AS AN EXCEPTION TO THE RES JUDICATA BAR*

■ The old law permitted relief from a judgment if it involved "extrinsic" fraud, fraud collateral to the matter or question that was tried and determined by the judgment in question, but denied relief for "intrinsic" fraud, fraud relating to the subject matter of the action, even if perjury was later proven. 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* (1995), § 2861 at 319. The distinction originated in the Supreme Court's decision in *United States v. Throckmorton,* 98 U.S. 61, 65, 8 Otto 61, 65, 25 L.Ed. 93 (1878). Thirteen years later, the Supreme Court refused to apply the distinction as a hard and fast rule, holding that equity could enjoin the enforcement of a judgment at law obtained by the use of a forged instrument and false testimony if the falsity was not discovered until after the judgment had been entered and the time for a new trial motion had run. 11 Wright, Miller & Kane, § 2861 at 320, *citing Marshall v. Holmes,* 141 U.S. 589, 596, 12 S.Ct. 62, 64, 35 L.Ed. 870 (1891). Over time, case law further narrowed relief to cases where the movant could show that the falsity *could not have been discovered by reasonable diligence* in time to offset it at the trial or that for other good reason, the failure to use diligence is in all the circumstances not a bar to relief. 11 Wright, Miller & Kane, § 2861 at 322, *citing Shammas v. Shammas,* 9 N.J. 321, 88 A.2d 204, 208 (1952) (emphasis added)

■ Since it was amended in 1946, Rule 60(b), Fed.R.Civ.P., has provided two ways to obtain relief from a judgment based on fraud. First, on motion within a year after the judgment, a court may relieve a party from a final judgment for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Fed.R.Civ.P. 60(b)(3). There is also a "saving clause" at the end of Rule 60(b), which states: "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, . . . or to set aside a judgment for fraud upon the court." The burden of proof of fraud is on the moving party and that fraud must be established by clear and convincing evidence. 11 Wright, Miller & Kane, § 2860 at 312–13. Further, the fraud must have prevented the moving party from fully and fairly presenting his case. (*Id.*)

■ Although it has been a matter of much disagreement and confusion, for over 100 years many courts including the Ninth Circuit Court of Appeals have continued to make a distinction between extrinsic fraud and intrinsic fraud. Long after the amendment to Rule 60(b)(3) which permitted the Court to grant relief from a judgment based on either extrinsic or intrinsic fraud, the Ninth Circuit held that a judgment is not void for fraud unless the fraud is "extrinsic" or collateral to the matters involved in the action. *See Green v. Ancora–Citronelle Corp.,* 577 F.2d 1380, 1384 (9th Cir.1978).

■ Extrinsic fraud is a broad concept which covers a number of situations and necessarily depends upon the facts of the case. *See In re Lake v. Capps*, 202 B.R. 751, 758 (9th Cir. BAP 1996). In order to be considered extrinsic fraud, the alleged fraud must be such that it prevents a party from having an opportunity to present his claim or defense in court or deprives a party of his day in court. *Green*, 577 F.2d at 1384. Examples of this include circumstances where a party was kept in ignorance of a lawsuit or was induced not to appear, a claim or defense was concealed from a party, and where the prevailing party obtained the judgment through coercion or duress. *In re Lake*, 202 B.R. at 758.

■ Intrinsic fraud is fraud which pertains to the issues involved in the original action and is most often accomplished through perjury or the submission of forged or altered documents into evidence. *Id.* "[F]raud is intrinsic and not a valid ground for setting aside a judgment when.[a] party has been given notice of the action and has had an opportunity to present his case and to protect himself from any mistake or fraud of his adversary but has unreasonably neglected to do so." *See Mr. G v. Mrs. G*, 320 S.C. 305, 308, 465 S.E.2d 101, 103 (App.1995), *quoting City of San Francisco v. Cartagena*, 35 Cal.App.4th 1061, 41 Cal.Rptr.2d 797, 801 (1995). A claim of intrinsic fraud "goes to the merits of the prior proceeding which the moving party should have guarded against at the time." *Mr. G v. Mrs. G*, 320 S.C. at 308, 465 S.E.2d at 103. Relief is granted for extrinsic but not intrinsic fraud on the theory that the latter deceptions should be discovered during the litigation itself, and to permit such relief undermines the stability of all judgments. *Id.* (citations omitted).

The cases in which the fraud exception to the *res judicata* doctrine has been applied differ crucially from the instant case in that they generally involve situations where defendant's misconduct actually prevented plaintiff from knowing, at the time of the first suit, that he had a certain claim or the extent of his injury. *See Costantini*, 681 F.2d at 1203 fn. 12 (citations omitted). Even if the disputed portion of the original tax return in this case can be termed fraudulent, there is no allegation that it prevented Plaintiff from realizing what his cause of action was nor what his damages were.

Assuming the document in this case contains alterations or forgeries, they could hardly be considered extrinsic or collateral to the matters involved in the original action; indeed, these misrepresentations would have gone to the very heart of the issue contested in the prior action, Defendants' alleged erroneous imposition of penalties against Plaintiff based on the amended 1987 return. Clearly Plaintiff had an opportunity to present his claim in prior proceedings, and could have protected against the alleged fraud. The document was provided to Plaintiff and the alleged alterations or forgery by Defendants could have been discovered by Plaintiff with due diligence.

■ Therefore, even assuming that the document was a deliberate misrepresentation—which the Court will accept as it must for purposes of this motion to dismiss—Plaintiff has not made out a claim of fraudulent concealment because he has not pleaded with particularity the circumstances surrounding the concealment nor stated facts establishing that he diligently attempted to uncover the information. Such pleading is a requirement of federal law. *See Rutledge v. Boston Woven Hose and Rubber Co.*, 576 F.2d 248, 250 (9th Cir.1978). In fact, Plaintiff does not allege that the fraudulent document was concealed at all. The document was produced in the prior action and Plaintiff presumably had ample time and opportunity to examine it. Plaintiff only claims conclusorily that he "could not have discovered" the fraud until after the case was decided. He does not explain why he could not have discovered it before, or what efforts he made to verify or challenge the veracity of the document by depositions, interrogatories or other means during the discovery process in the prior action. Hence he has not adequately alleged that he acted with reasonable diligence in trying to discover any concealed or fraudulent information. *See Costantini*, 681 F.2d at 1203.

Plaintiff correctly argues that Fed.R.Civ.P. 60(b)(3) allows the Court to grant relief from

a judgment for fraud, whether it is denominated extrinsic or intrinsic; however, the Court is bound to follow not only the Federal Rules of Civil Procedure, but also case law which interprets them. While Rule 60(b)(3) gives the Court discretion to grant relief from judgment for fraud of whatever kind in response to a motion, 1) it is not mandated, 2) this is not a motion for relief from judgment, but an independent action, and 3) legal precedent in the Ninth Circuit makes a clear distinction in preclusive effect based on whether the fraud was extrinsic or intrinsic. This may be especially true in cases where an independent action is brought, rather than a Rule 60(b)(3) motion for relief from judgment.

▆▆▆▆ Resort to an independent action may be had only rarely and then only under unusual and exceptional circumstances. 11 Wright, Miller & Cooper, *Federal Practice and Procedure*, § 2868 at 397–98. It is not the function of an independent action to relitigate issues finally determined in another action between the same parties, nor is it a remedy for inadvertence or oversight by the losing party in the original action. *Id.* at 398–99.

▆▆▆▆ The most common ground for an independent action is fraud, which is also a ground for relief under Rule 60(b)(3), but that subsection imposes a one-year statute of limitations, which does not apply to the independent action for fraud. However, Rule 60(b)(3) specifically states that it can go to all fraud, intrinsic or extrinsic, while no such statement is made in the rule's saving clause concerning independent action. Thus there is some authority under Rule 60(b) that the old distinction (that the action will lie for extrinsic fraud but not for intrinsic fraud) persists if relief is sought by an independent action, rather than by motion. *Id.* at 399–400. The type of fraud necessary to sustain an independent action attacking the finality of a judgment is narrower in scope than that which is sufficient for relief by timely motion. *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 244–46, 64 S.Ct. 997, 1000–01, 88 L.Ed. 1250 (1944), *overruled on other grounds by Standard Oil of California v.*

*United States*, 429 U.S. 17, 18, 97 S.Ct. 31, 31, 50 L.Ed.2d 21 (1976).

It is clear that the fraud Plaintiff alleges is intrinsic fraud, and could have been discovered earlier with due diligence. Even if Plaintiff's relief from judgment by way of an independent action need not be premised on a showing of extrinsic as opposed to intrinsic fraud, an aggrieved party seeking relief under the saving clause of Rule 60(b) still must be able to show that there was no opportunity to have the ground now relied upon to set aside the judgment fully litigated in the original action. *Gleason v. Jandrucko*, 860 F.2d 556, 560 (2nd Cir.1988). Because he possessed the disputed document in the prior action, Plaintiff cannot make such a showing. The Court cannot infer essential elements of Plaintiff's claim which were not pleaded. *See Ivey v. Board of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982). As far as any potential amendment of the complaint to plead the missing elements, it appears that Plaintiff can prove no set of facts in support of his claims of constitutional violations and fraud which would entitle him to escape the bar of *res judicata* and grant him the relief he seeks. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

### III. FRAUD UPON THE COURT

▆▆▆▆ Plaintiff has also alleged that Defendants perpetrated a "fraud on the Court." The Ninth Circuit has held: "to set aside a judgment or order because of fraud upon the court ... it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision." 11 Miller, Wright & Kane, § 2870 at 414, *quoting England v. Doyle*, 281 F.2d 304, 309 (9th Cir.1960). The drafters of the savings clause of Rule 60(b) must have conceived of "fraud upon the court" as referring to very unusual cases involving "far more than an injury to a single litigant." 11 Wright, Miller & Kane, § 2870 at 415, *quoting Hazel–Atlas Glass Co.*, 322 U.S. at 246, 64 S.Ct. at 1001. "Fraud upon the court" as distinguished from fraud upon an adverse party is limited to fraud which seriously affects the integrity of the normal process of adjudication. *See Gleason v. Jandrucko*, 860 F.2d 556, 559 (2nd

**356**

Cir.1988). Thus, the courts have refused to involve this concept in cases in which the wrong was only between parties in the case and involved no direct assault on the judicial process. Nondisclosure by a party or the party's counsel has not been enough. 11 Wright, Miller & Kane, § 2870 at 416–17. The cases which have found a fraud upon the court reflect the most egregious conduct involving a corruption of the judicial process itself, such as the bribery of a judge, an attorney deliberately misleading the court, or the employment of counsel to bring an improper influence on the court. *Id.* at 418–419.

 After-discovered evidence of alleged perjury by a witness is simply not sufficient for a finding of fraud upon the court. *Hazel–Atlas,* 322 U.S. at 245, 64 S.Ct. at 1001. Nor do allegations of nondisclosure during pretrial discovery constitute grounds for an independent action for fraud upon the court under Fed.R.Civ.P. 60(b). *Gleason,* 860 F.2d at 559–60. Absent the type of fraud which "subvert[s] the integrity of the court itself, or is . . . perpetrated by officers of the court, the requisite interference with the judicial machinery cannot be established and an independent action for fraud on the court therefore will not lie." *Gleason,* 860 F.2d at 560 (internal citations omitted). "Perjury and fabricated evidence are evils that can and should be exposed at trial, and the legal system encourages and expects litigants to root them out as early as possible." *Id.* (citation omitted).

The alleged forgery or misrepresentation in the instant case involves nothing more than fraud involving injury to a single litigant. Therefore, even if the claim were not barred by the doctrine of *res judicata,* a legal conclusion of fraud upon the court cannot reasonably be drawn from the facts alleged by Plaintiff, and he fails to state a claim upon which relief can be granted. *See Clegg v. Cult Awareness Network,* 18 F.3d 752, 754–55 (9th Cir.1994).

Because the Magistrate Judge finds that *res judicata* bars Plaintiff's claims, the Court does not reach the issues of sovereign immunity or the statute of limitations.

*CONCLUSION*

**The Magistrate Judge recommends** that the District Judge, after an independent review of the record, enter an order **GRANTING** Defendants' Motion to Dismiss.

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections with the District Court within ten days of being served with a copy of this Report and Recommendation. If the objections are not timely filed they may be deemed waived.

Dated this 4th day of December, 1998.