**Donald D. BAILEY, Plaintiff—Appellant,**

v.

**UNITED STATES of America, Defendant—Appellee.**

Donald D. BAILEY, Plaintiff—
Appellant,

v.

UNITED STATES of America; Philip Ward; Carey Reeves; Rick Holster; Andrew Horning; David Valadez, Defendants—Appellees.

Nos. 01–16061, 01–16837.

D.C. Nos. CV–95–00267–ACM, CV–00–00037–JMR.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2002.*

Decided July 16, 2002.

Before CANBY and RYMER, Circuit Judges, and BERTELSMAN, Senior District Judge.**

MEMORANDUM ***

The cases now before us on consolidated appeal represent Donald Bailey's third and fourth federal lawsuits aimed at undoing the effects of a penalty assessed against him by the IRS. Whether characterized as a claim for damages under the Federal Tort Claims Act, or as a motion to set aside the adverse judgment in Bailey's first suit, both cases turn on the same allegations—namely, that the IRS used forged documents to obtain a successful ruling in Bailey's first action, *Bailey v. United States*, 927 F.Supp. 1274 (D.Ariz. 1996), *aff'd*, 117 F.3d 1424, 1997 WL 381945 (9th Cir.1997) (unpublished disposition). This charge repeats allegations made in Bailey's second suit, *Bailey v. IRS*, 188 F.R.D. 346 (D.Ariz.1999), *aff'd*, 232 F.3d 893, 2000 WL 1137460 (9th Cir. 2000) (unpublished disposition). We have jurisdiction under 28 U.S.C. § 1291, and we affirm both of the judgments now on appeal.

Both of Bailey's present cases are barred by the res judicata effects of his earlier, unsuccessful suits. Bailey's contention that res judicata should not apply because of his fraud allegations lacks merit. Even assuming that there is a general fraud exception to the rules of claim preclusion, Bailey does not fall within the exception because he has failed to plead with particularity facts establishing that, during his first action, he diligently attempted to uncover the information that he says was concealed. *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1202 (9th Cir.1982). Moreover, to the extent that Bailey's present cases function as separate suits to set aside the judgment in his first action, they present claims for relief that could have and should have been brought in Bailey's second action. Construed as a motion under Fed.R.Civ.P. 60(b)(3), Bailey's present suits are clearly untimely. Bailey's argument that he should never have been penalized for tax returns that his clients did not actually sign was not articulated in the district court and is

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

waived. Both of the cases now on appeal were properly dismissed with prejudice.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.